208 N.J. Super. 437 (1986)
506 A.2d 64
RUDOLPH GIRANDOLA AND JOSEPH A. SARAFIN, PLAINTIFFS-APPELLANTS,
v.
BOROUGH OF ALLENTOWN; UPPER FREEHOLD TOWNSHIP; UPPER FREEHOLD TOWNSHIP BOARD OF ADJUSTMENT; UPPER FREEHOLD TOWNSHIP PLANNING BOARD; COUNTY OF MONMOUTH; VIRGINIA GARBARINE AND LOUIS F. DIERKING, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 3, 1985.
Decided March 6, 1986.
*439 Before Judges MICHELS, GAULKIN and DEIGHAN.
Robert A. Goodsell argued the cause for appellants (Irwin, Post & Rosen, P.A., attorneys; Margaret H. MacNeil, on the brief).
David H. Coates argued the cause for respondent Borough of Allentown (Turp, Coates, Essl & Driggers, P.C., attorneys; Donald S. Driggers, on the brief).
Sanford D. Brown argued the cause for respondent Upper Freehold Township (Dawes & Brown, P.A., attorneys; Sanford D. Brown and John I. Dawes, on the brief).
The opinion of the court was delivered by GAULKIN, J.A.D.
*440 Plaintiffs brought this action "in lieu of prerogative writ, for a writ of mandamus and for relief under the Environmental Rights Act, N.J.S.A. 2A:35A-1 et seq." to enjoin the use of certain property in Upper Freehold Township for the Borough of Allentown's deposit of spoils from its dredging of Allentown Lake. The litigation was resolved by an order of settlement and dismissal which recited that it was submitted to the court for approval because "[p]ursuant to § 10 of the New Jersey Environmental Rights Act, N.J.S.A. 2A:35A-10(c), the within action may not be dismissed without the express consent of the Court in which the action was filed." Plaintiffs thereafter moved for the award of counsel fees "to be apportioned by the Court among the defendants, Allentown, Upper Freehold Township, Upper Freehold Township Planning Board, and Virginia Garbarine and Louis F. Dierking." The motion was denied; the order was unaccompanied by any reasons, findings or conclusions. Plaintiffs appeal from the denial of the motion.
The Environmental Rights Act (the Act), N.J.S.A. 2A:35A-1 et seq., provides in N.J.S.A. 2A:35A-10(a) for the award of counsel fees:
In any action under [the Act] the court may in appropriate cases award to the prevailing party reasonable counsel and expert witness fees, but not exceeding a total of $5,000.00.
Unfortunately, the motion judge has given us no hint whatsoever why he denied plaintiffs' application. We do not know whether he regarded the action as not brought "under" the Act, whether he found plaintiffs not to be "the prevailing party" under the settlement agreement, whether he considered the counsel fees to be unreasonable or whether he otherwise found the case not "appropriate" for a fee award. The judge's failure to make findings and conclusions is not only in disregard of oft-stated admonitions (see, e.g., McCann v. Biss, 65 N.J. 301, 304, n. 2 (1974); Castro v. Helmsley Spear, Inc., 150 N.J. Super. 160, 162 (App.Div. 1977)), but does the parties a substantial *441 disservice, for we are left unable to resolve the meritorious issues which they project.
The Act authorizes "any person" to maintain an action "to enforce, or to restrain the violation of, any statute, regulation or ordinance which is designed to prevent or minimize pollution, impairment or destruction of the environment." N.J.S.A. 2A:35A-4a. Here plaintiffs alleged that the deposit of dredge spoils would constitute "violations of the Upper Freehold Township land use ordinances and other applicable ordinances," that the relevant provisions of those ordinances "are designed to prevent or minimize pollution, impairment or destruction of the environment as defined by N.J.S.A. 2A:35A-1, et seq.," that the dredging operation lacked the necessary prior approval of the Planning Board and the Board of Adjustment of Upper Freehold, that Allentown was in violation of an order of the Department of Environmental Protection to take corrective action on Allentown Dam pursuant to the Safe Dam Act (N.J.S.A. 58:4-1 et seq.), a "statute intended and designed to minimize the pollution, impairment or destruction of the environment," and that the dredging project conflicted with the order of the Department of Environmental Protection as well as recommendations of the Army Corps of Engineers. Those allegations facially qualify the action as brought "under" the Act so as to permit an award of counsel fees pursuant to N.J.S.A. 2A:35A-10. But whether the action should be so characterized requires consideration not only of the pleadings but of the conduct of the litigation and its resolution. Only by a careful evaluation of the contentions actually pursued, the "design" of the "statute, regulation or ordinance" allegedly violated and the relief obtained can a determination be made whether the action was brought "under" the Act within the meaning of N.J.S.A. 2A:35A-10.
Whether plaintiffs were "prevailing" parties requires a similar evaluation of the pleadings, the actual conduct of the litigation and the results obtained. Plaintiffs certainly can be *442 regarded as "prevailing" even though the case was disposed of by settlement rather than judgment. Cf. Maher v. Gagne, 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653, 661 (1980). The settlement included, at least in part, injunctive relief, which is the relief accorded to a "prevailing party" under the Act. See Birchwood Lakes Colony Club v. Medford Lakes, 179 N.J. Super. 409, 413-14 (App.Div. 1981), mod. and aff'd 90 N.J. 582 (1982). But also to be considered are whether the litigation was a necessary and important factor in obtaining the relief, whether the relief obtained by settlement was substantial and a significant portion of the goals of the suit and whether the settlement had a reasonable basis in law. See, e.g., Nadeau v. Helgemoe, 581 F.2d 275 (1st Cir.1978); Kahan v. Rosenstiel, 424 F.2d 161 (3rd Cir.), cert. den. 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970); Bonnes v. Long, 599 F.2d 1316 (4th Cir.1979), cert. den. 455 U.S. 961, 102 S.Ct. 1476, 71 L.Ed.2d 681 (1982). The order of settlement here included a number of provisions which may be viewed simply as procedures to monitor the progress of municipal undertakings as to which the litigation may have had no necessary or important role. But the order also requires certain substantive action from at least some of the defendants, including, most significantly, restoration and regrading of the spoils site. Whether the relief provided by the order of settlement represents substantial success on a significant issue in litigation, whether the litigation was a necessary and important factor in obtaining that relief and whether the settlement had a reasonable basis in law are all matters which must be addressed in determining whether a counsel fee is allowable. Cf. Westfield Centre Service, Inc. v. Cities Serv. Oil Co., 172 N.J. Super. 196, 203 (App.Div. 1980), aff'd 86 N.J. 453 (1981).
An award of counsel fees under N.J.S.A. 2A:35A-10 also requires a finding that the case is "appropriate" for such an award. A litigant who establishes that he has met the standards we have described to qualify as a "prevailing party" in an action brought "under" the Act has made a prima facie showing *443 that the case is "appropriate" for a fee award; once such a showing is made, the litigant should ordinarily recover an attorney's fee as allowed by statute unless special circumstances would render such an award unjust. Cf. Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263, 1266 (1968).
The present posture of the case permits us to state only the most general principles which govern the award of counsel fees under N.J.S.A. 2A:35A-10. Application of those principles to the facts of the case is appropriately left in the first instance to the trial court which shepherded the case to its disposition. That court is in the best position to make some of the nice judgments which are required.
Accordingly, we vacate the August 27, 1984 order denying plaintiffs' motion for an award of counsel fees and remand the matter to the Law Division for further proceedings consistent with this opinion. We do not retain jurisdiction.