ELIZABETH BALSLEY, AN INFANT BY HER PARENT AND GUARDIAN AD LITEM, SUSAN BALSLEY, PETITIONER–APPELLANT, v. NORTH HUNTERDON REGIONAL HIGH SCHOOL BOARD OF EDUCATION AND ROBERT HOPEK, RESPONDENTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 23, 1988—Decided May 24, 1988.

222

Before Judges KING, GAULKIN and GRUCCIO.

*Anne P. McHugh* argued the cause for appellant (*Deborah H. Karpatkin* and *Pellettieri, Rabstein and Altman,* attorneys; *Eric Neisser,* of counsel).

*James P. Granello* argued the cause for respondents (*Murray & Granello,* attorneys; *Vincent Leong,* on the brief).

*Margaret M. Monaco* argued the cause for intervenor-respondent New Jersey State Interscholastic Athletic Association (*Sterns, Herbert, Weinroth & Petrino,* attorneys; *Michael J. Herbert,* on the brief).

*Lisa Dabreu* argued the cause for New Jersey School Board Association, *amicus curiae* (*Russell Weiss, Jr.,* attorney; *Cynthia J. Jahn,* on the brief).

*W. Cary Edwards,* Attorney General, filed a Statement in lieu of brief on behalf of the State Board of Education (*Arlene Goldfus Lutz,* Deputy Attorney General, on the Statement).

The opinion of the court was delivered by

GAULKIN, J.A.D.

Petitioner Elizabeth Balsley appeals from a final decision of the State Board of Education (State Board) denying her applica-

tion for counsel fees in connection with her successful petition challenging the refusal of respondents North Hunterdon Regional High School District Board of Education and Robert Hopek to allow her to try out for the school football team. She contends that the Commissioner of Education (Commissioner) had, and should have exercised, authority to award counsel fees either under the Education Law, *N.J.S.A.* 18A:1–1 et seq., or under the Law Against Discrimination, *N.J.S.A.* 10:5–1 et seq.

Petitioner, then a 15–year old student at North Hunterdon Regional High School, filed a verified petition with the Commissioner asserting that her request to try out for the football team had been improperly denied on the basis of her sex. She alleged that respondents' actions

... in instituting, condoning, and continuing the policy of discrimination as set forth herein above violates *N.J.S.A.* 18A:36–20; violates the right of plaintiff to equal protection of the laws as guaranteed by the Fourteenth Amendment of the Constitution of the United States; violates the right of plaintiff as guaranteed by Article I, Section I of the New Jersey Constitution of 1947; violates 20 *U.S.C.* § 1681 *et seq.* and Title IX of the Code of Federal Regulations, 45 *CFR*, § 86.41; and violates 42 *U.S.C.* § 1983.

Because football tryouts were about to commence, the matter was immediately referred to the Office of Administrative Law as a contested case, which promptly heard petitioner's application for interim relief. An Administrative Law Judge (ALJ) issued an initial decision ordering that, pending a plenary hearing, petitioner was to be permitted "to compete, tryout and qualify for membership" on the football team.

Shortly thereafter, the parties consented to an order which made the interim restraints permanent and allowed petitioner to submit her motion for attorney's fees. Before filing that motion, however, petitioner moved to amend her petition "to include as a basis for the award of relief the provisions of New Jersey's Law Against Discrimination, *N.J.S.A.* 10:5–1 *et seq.*" Over respondents' objections, the ALJ granted the motion. Petitioner then filed the motion for fees. Concluding that the Commissioner "has ancillary authority to award counsel fees to

prevailing parties in contested cases adjudicated by him," the ALJ recommended the award of a $5343.75 fee.

The Commissioner rejected the ALJ's recommended decision, stating that "until such time as he is granted statutory authority or the imprimatur of the Courts of New Jersey to do so, the Commissioner declines to grant counsel fees." The State Board affirmed that decision for the reasons expressed by the Commissioner. Petitioner appeals.

## I.

The Commissioner correctly concluded that he does not have plenary authority to award counsel fees in determining "controversies and disputes" presented to him under *N.J.S.A.* 18A:6-9.

The fact that Title 18A does not specifically authorize any award of such counsel fees is not dispositive. The statutory powers accorded to an administrative agency are to be " 'liberally construed to permit the agency to achieve the task assigned to it, and ... such administrative agency has such implied incidental powers as may reasonably be adapted to that end.' " *In re Suspension of Heller,* 73 *N.J.* 292, 303 (1977) (quoting *In re Comm'r of Banking & Ins. v. Parkwood Co.,* 98 *N.J.Super.* 263, 271-72 (App.Div.1967)). Administrative agencies thus have been empowered to award certain kinds of monetary relief not expressly authorized by statute. *See, e.g., Zahorian v. Russell Fitt Real Estate Agency,* 62 *N.J.* 399 (1973) (allowing Division on Civil Rights to award compensatory damages for pain and suffering); *Jackson v. Concord Co.,* 54 *N.J.* 113 (1969) (allowing Division on Civil Rights to award compensatory damages for out-of-pocket losses); *Board of Educ., City of Newark, Essex Cty. v. Levitt,* 197 *N.J.Super.* 239 (App.Div.1984) (allowing Commissioner of Education to award post-judgment interest to a claimant who has been awarded a money judgment). We find, however, that such

ancillary authority does not extend to the award of counsel fees.

Since 1948, New Jersey has consistently adhered to the general principle that "legal expenses, whether for the compensation of attorneys or otherwise, are not recoverable absent express authorization by statute, court rule, or contract." *State, Dept. of Environ. Protect. v. Ventron Corp.*, 94 *N.J.* 473, 504 (1983). Although that principle finds its dominant expression in Supreme Court rules governing practice and procedure in the courts, *R.* 4:42–9; *see State v. Otis Elevator Co.*, 12 *N.J.* 1 (1953), the legislature has not evinced a contrary view. Indeed, when the legislature has authorized awards of counsel fees, it has done so expressly and specifically. *See, e.g., N.J.S.A.* 56:10–10 (Franchise Practices Act); *N.J.S.A.* 59:9–5 (Tort Claims Act); *N.J.S.A.* 56:8–19 (Consumer Fraud Act); *N.J.S.A.* 2A:35A–10 (Environmental Rights Act); *N.J.S.A.* 30:13–8 (Nursing Home Bill of Rights); *N.J.S.A.* 45:15–37 (Real Estate Guaranty Fund); *N.J.S.A.* 10:5–27.1 (Law Against Discrimination). Given the public policy described in *Ventron* and the absence of express statutory authority, the Commissioner properly found that he could not award counsel fees as ancillary relief under *N.J.S.A.* 18A:6–9.

## II.

In rejecting petitioner's application for a counsel fee award, the Commissioner did not address her alternate contention that counsel fees could be awarded pursuant to the Law Against Discrimination, *N.J.S.A.* 10:5–1 et seq. That contention had been rejected by the ALJ, who found that the Commissioner had authority to enforce the Law Against Discrimination, but could employ only those remedies found within Title 18A. We conclude, to the contrary, that the Commissioner had authority here to award counsel fees pursuant to *N.J.S.A.* 10:5–27.1.

■ The Commissioner and the Division on Civil Rights (Division) have concurrent jurisdiction to entertain complaints charging acts of gender discrimination in public school courses of study and curricula. *Hinfey v. Matawan Regional Bd. of Educ.*, 77 *N.J.* 514, 520 (1978). Such discrimination complaints, however, are to be handled by the Commissioner. If filed originally in the Division, they should be transferred to the Commissioner for disposition. *Id.* That is simply a rule of administrative comity, imposed because "the educational interests of complainants, which cannot be disassociated from their discrimination grievances, can best be addressed by the Commissioner." *Id.* at 532–33. Had petitioner invoked the jurisdiction of the Division and successfully litigated her claim there, the Division certainly would have had authority to award counsel fees. *N.J.S.A.* 10:5–27.1. The fact that petitioner proceeded instead before the Commissioner, as instructed by *Hinfey*, should not deprive her of that remedy.

Although respondents acknowledge that the Commissioner has jurisdiction to entertain complaints charging gender discrimination in the public schools, they contend that he can enforce only the provisions of Title 18A and has no jurisdiction to enforce the Law Against Discrimination. We find the argument unpersuasive.

■ Speaking for the Court in *Hinfey*, Justice Handler described the "jurisdictional growth in the Law Against Discrimination" and noted that public schools under the supervision of the Commissioner "are specifically '[a] place of public accommodation' under the Law Against Discrimination." 77 *N.J.* at 523; *see N.J.S.A.* 10:5–5. Accordingly, the Division has "jurisdiction to hear and adjudicate claims of discrimination pertaining to courses of study and curricula in the public schools." 77 *N.J.* at 524. The Commissioner also has the power and the affirmative duty "to decide controversies under the school law which entail invidious discrimination practices." *Id.* at 525. Given that concurrent jurisdiction, the Division can properly defer to

the Commissioner since he is "statutorily charged with the same, solemn responsibility for remediating discrimination and with an even fuller responsibility over other major aspects of the charge." *Id.* at 530. *Hinfey* thus must be regarded as authority for the proposition that the Commissioner may enforce the Law Against Discrimination insofar as it bears on the controversy or dispute presented to him under *N.J.S.A.* 18A:6-9. To read *Hinfey* otherwise would be to deny all protection of the Law Against Discrimination to persons victimized in a public school setting.[1]

For the same reasons, we reject respondents' contention that since petitioner elected to proceed before the Commissioner, "any remedy which she may receive is therefore limited by the statutory scope of authority granted the Commissioner." Petitioner's "election" was in accordance with *Hinfey;* had she filed with the Division, the matter would properly have been transferred to the Commissioner. Petitioner cannot fairly be deprived of the remedies available under the Law Against Discrimination because, as a matter of administrative comity, the Commissioner rather than the Division is mandated to hear the matter.

We also find it significant that *N.J.S.A.* 10:5-27.1 does not provide for the award of counsel fees in the Division only. The section, rather, provides that "[i]n any action or proceeding brought under this act, the prevailing party may be awarded a reasonable attorney's fee...." Counsel fees thus can be awarded in any forum in which the action is properly brought. The legislature has provided that such actions may be brought in the Division or in the Superior Court, *N.J.S.A.* 10:5-13, and the Supreme Court has held in *Hinfey* that the Commissioner

---

[1] We note that in *Hinfey* Justice Handler characterized two earlier Supreme Court decisions, *Booker v. Plainfield Bd. of Ed.,* 45 *N.J.* 161 (1965) and *Jenkins v. Morris Twp. School Dist. & Bd. of Ed.,* 58 *N.J.* 483 (1971), as finding that the Commissioner had "too narrow" or "too cramped" a view of his powers in dealing with discrimination. 77 *N.J.* at 525, 526.

shall entertain those claims arising in the public school setting. Since actions under the Law Against Discrimination may be brought in all three forums, *N.J.S.A.* 10:5–27.1 is fairly read as permitting all to award counsel fees.[2]

### III.

Respondents argue that, even if the Commissioner has authority to award counsel fees under the Law Against Discrimination, the petition here was not "brought under" that law and petitioner was not a "prevailing party." We reject those arguments.

While the original petition did not specifically plead the Law Against Discrimination, it did assert a "policy of discrimination" violative of "the Fourteenth Amendment of the Constitution of the United States" and "Article I, Section I of the New Jersey Constitution of 1947." In recommending the grant of interim relief, the ALJ himself invoked the Law Against Discrimination, noting that the legislative policy underlying the statute "is fully consistent" with the constitutional and statutory provisions urged by petitioner. Thereafter petitioner was granted leave to amend her petition to claim relief under the Law Against Discrimination; the order for permanent injunctive relief was not entered until some months later. That history suffices to qualify the action as "brought under" the Law Against Discrimination. *Cf. Urban League v. Tp. Committee,* 222 *N.J.Super.* 131 (App.Div.1987). Although petition-

---

[2]At oral argument, counsel for respondents suggested that petitioner might have been entitled to a counsel fee award if (1) she filed with the Division, (2) the matter was transferred to and decided by the Commissioner, (3) the Commissioner remanded the matter to the Division, and (4) the Division then supplemented the Commissioner's order by an award of fees under the Law Against Discrimination. We see no reason why a counsel fee award under the Law Against Discrimination should require that kind of tortuous procedure. Moreover, it seems most appropriate to have the Commissioner decide whether and to what extent counsel fees should be awarded in a proceeding which he himself heard and determined.

er's substantive claim was resolved by a consent order, she was indisputably the "prevailing party." *See Girandola v. Allentown,* 208 *N.J.Super.* 437 (App.Div.1986).

## IV.

To summarize, we hold that (1) the Commissioner does not have plenary authority to award counsel fees as ancillary relief under *N.J.S.A.* 18A:6–9; (2) the Commissioner, however, does have authority to award counsel fees pursuant to *N.J.S.A.* 10:5–27.1 in matters brought under the Law Against Discrimination and properly entertained by him; and (3) the Commissioner here had authority to award counsel fees to petitioner as a "prevailing party" in a proceeding "brought under" the Law Against Discrimination. We accordingly reverse the decision of the State Board and remand the matter to the Commissioner to make the discretionary determination authorized by *N.J.S.A.* 10:5–27.1.

Reversed and remanded.