901 A.2d 411 (2006)
386 N.J. Super. 329
Richard A. PATTERSON and the Nanticoke Lenni-Lenape Indians of New Jersey, Plaintiffs-Appellants,
v.
VERNON TOWNSHIP COUNCIL, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted November 2, 2005.
Decided June 23, 2006.
*412 Womble, Carlyle, Sandridge & Rice (Piper, Marbury, Rudnick & Wolfe) of the Washington, DC bar, admitted pro hac vice, for appellants (Deborah J. Israel and Gregory A. Werkheiser, on the brief).
Struble, Rangno, Petrie, Bonanno & MacMahon, Riverdale, for respondent (Joseph J. Ragno, Jr., on the brief).
Before Judge WEFING, WECKER and FUENTES.
The opinion of the court was delivered by
WECKER, J.A.D.
This appeal presents an issue of first impression concerning the extent of the counsel fee award available to a prevailing party in an action brought under the Environmental Rights Act, N.J.S.A. 2A:35A-1 to -14 (the ERA). Specifically, the question before us is whether a counsel fee award is available for representation in listing the site in question in the New Jersey Register of Historic Places, pursuant to N.J.S.A. 13:1B-15.128 to -15.132 ("the Historic Places Act"). See also N.J.A.C. 7:4-1.1 to -8.3.

I
The ERA creates a private cause of action for declaratory and injunctive relief to protect the environment against "pollution, impairment and destruction." N.J.S.A. 2A:35A-2, -4. The ERA also allows the award of a counsel fee to a prevailing party in such an action. N.J.S.A. 2A:35A-10a. The statute provides, in pertinent part:
In any action under this act the court may in appropriate cases award to the prevailing party reasonable counsel and expert witness fees.... The fees shall be based on the number of hours reasonably spent and a reasonable hourly rate for the counsel or expert in the action taking into account the prevailing rate in the venue of the action and the skill and experience of the counsel or expert.
[N.J.S.A. 2A:35A-10a (Emphasis added.)]
There is little in the way of New Jersey case law that directly addresses the fee-shifting provision of the ERA. In Girandola v. Borough of Allentown, 208 N.J.Super. 437, 506 A.2d 64 (App.Div.1986),[1] where the plaintiff's suit for injunctive relief under the ERA was resolved by settlement, and an order denying plaintiff's motion for counsel fees was "unaccompanied by any reasons, findings or conclusions," id. at 440, 506 A.2d 64, we vacated the order and remanded the fee application for reconsideration and explanation.
Unfortunately, the motion judge has given us no hint whatsoever why he denied plaintiffs' application. We do not know whether he regarded the action as not brought "under" the Act, whether he found plaintiffs not to be "the prevailing party" under the settlement agreement, whether he considered the counsel fees to be unreasonable or whether he otherwise found the case not "appropriate" for a fee award.
[Id. at 440, 506 A.2d 64.]
We concluded that the "[p]laintiffs certainly can be regarded as `prevailing' even though the case was disposed of by settlement rather than judgment." Id. at 441-42, *413 506 A.2d 64. By providing that "the court may in appropriate cases" award counsel fees, the statute implies some discretion. Nonetheless, in Girandola we expressed these "general principles" applicable to a fee application under the ERA:
An award of counsel fees under N.J.S.A. 2A:35A-10 also requires a finding that the case is "appropriate" for such an award. A litigant who establishes that he has met the standards we have described to qualify as a "prevailing party" in an action brought "under" the Act has made a prima facie showing that the case is "appropriate" for a fee award; once such a showing is made, the litigant should ordinarily recover an attorney's fee as allowed by statute unless special circumstances would render such an award unjust.
[Id. at 442-43, 506 A.2d 64.]
Those principles, however, do not directly address the question before us.[2]
Section 4 of the ERA creates a private cause of action under two significantly different circumstances. Section 4a allows an action alleging a violation of an existing "statute, regulation or ordinance," and permits imposition of civil penalties as well as equitable relief.[3] We are not addressing a section 4a suit in this appeal. Section 4b allows an action for equitable relief in those circumstances where no specific violation of a statutory or regulatory standard can be alleged, but environmental harm, including the destruction of property of historic value, is allegedly threatened. Section 4b provides:
Except in those instances where the conduct complained of constitutes a violation of a statute, regulation or ordinance which establishes a more specific standard for the control of pollution, impairment or destruction of the environment, any person may commence a civil action in any court of competent jurisdiction for declaratory and equitable relief against any other person for the protection of the environment, or the interest of the public therein, from pollution, impairment or destruction.
Under the ERA, "destruction of the environment" includes the "destruction of ... historic areas." N.J.S.A. 2A:35A-3b. There is no more specific definition of a "historic area" set forth in the ERA.

II
In 1988, plaintiff Richard A. Patterson, an archaeologist, began studying the early settlement of the Black Creek area by the Nanticoke Lenni-Lenape Indians of New Jersey (the Tribe). He documented his findings, which included thousands of artifacts evidencing settlement in the area by members of the Tribe as early as 8,000 B.C. In 1999, the Township purchased approximately 180 acres of undeveloped land that included the 40-acre Black Creek site *414 for $983,653. In April 2001, the Township adopted a resolution authorizing a preliminary development plan for the property, including sports fields to be built on the Black Creek site. Grading on or near the area began in May 2001.
Patterson, later joined by the Tribe as an additional plaintiff, promptly filed this action against defendant Vernon Township Council by Order to Show Cause, to prevent the imminent development of the Black Creek site and the destruction of its historic value. In their lawsuit, Patterson and the Tribe sought to enjoin the Township from executing its plans to develop the Black Creek site for sports fields and related recreational activities.
In response to Patterson's application for immediate injunctive relief, temporary restraints were issued against the Township ex parte, on June 4, 2001. The Tribe was permitted to intervene on June 6. On June 22, the Law Division granted a preliminary injunction against further development while the plaintiffs pursued their nomination of the site to be listed in the New Jersey Register of Historic Places, pursuant to the New Jersey Register of Historic Places Act, N.J.S.A. 13:1B-15.128 to -15.132 ("the Historic Places Act"). See also N.J.A.C. 7:4-1.1 to -8.3. The Township's motion for reconsideration of the preliminary injunction was denied on July 6, 2001.
The course of the proceedings before the State Historic Preservation Office in the Department of Environmental Protection, which led to the administrative decision to list the site in the New Jersey Register of Historic Places, is detailed in our opinion affirming that designation. See I/M/O the Historic Designation of the Black Creek Site, Vernon Tp., No. A-4581-01T2 (App. Div. April 19, 2004) (slip op.). We need not repeat those details here. Suffice it to say that the Township vigorously opposed the application at every stage.
On October 18, 2004, almost three years after the preliminary injunction was issued, and after the site's listing in the Register became final on appeal, the Law Division complaint was dismissed as moot. Plaintiffs thereafter applied to the Law Division seeking counsel fees of approximately $665,000 (plus costs of $25,667) under the ERA. Plaintiffs' fee application represented not only their efforts in the Superior Court under the ERA to enjoin development but also their representation in the administrative proceedings to list the site in the Historic Places Register and to respond to the Township's appeal of that determination. Plaintiffs sought compensation for the work of four attorneys who originally accepted the case on a pro bono basis. They claimed 2,806 hours of attorney time over the entire course of the administrative and Superior Court proceedings.[4]
The Law Division judge concluded that plaintiffs were the "prevailing party" and were entitled to a counsel fee under N.J.S.A. 2A:35A-10. But he also concluded that only their work in the Superior Court action for injunctive relief qualified for a fee award under the ERA. The judge considered eligible only work performed up to July 6, 2001, the date of the order denying the Township's motion for reconsideration of the preliminary injunctive. The judge apparently reduced both the hourly rates sought and the 560 hours *415 claimed within that time frame when he awarded plaintiffs $25,000 as counsel fees without further explanation.

III
The question before us is whether the ERA permits the award of counsel fees for services rendered in the process of obtaining inclusion in the Register of Historic Places, as plaintiffs claim, or only for services rendered in the Superior Court to protect the site by enjoining development, as the judge determined and as the Township maintains. We conclude that the ERA does not provide or permit recovery of counsel fees for proceedings under the Historic Places Act.
The ERA does not define the term "historic site," and does not limit the category of historic sites to those listed on the Register of Historic Sites. Thus a private action is available under section 4b of the ERA to enjoin destruction of any site that a member of the public deems historic, irrespective of the property's inclusion in the Register. In the case of a property that is not listed in the Register, the plaintiff has the burden of persuading the trial court that the historic nature of the property warrants protection. The Act does not prescribe or limit the nature of the evidence required, and the court may conduct any proceedings it deems appropriate to its determination.
Once a property has been listed in the Register under the Historic Sites Act, however, a party seeking to develop or otherwise affect the property, such as Vernon Township, may not do so without permission of the Department of Environmental Protection ("DEP"). See N.J.S.A. 13:1B-15.131; N.J.A.C. 7:4-7.1 to -7.4.[5] Here, although Patterson apparently began the administrative process by nominating the Black Creek site for listing in the Register sometime before 1999, the Commissioner's decision to list the property, in his roll as the State Historic Preservation Officer, see N.J.A.C. 7:4-1.3, was not reached until 2002, well after the Township began clearing the site. See N.J.A.C. 7:4-2.2 to -2.5 for the procedure within the DEP. The judge who entered the preliminary injunction explicitly did so to allow action on the nomination to be taken by the Commissioner, who is empowered to determine whether to list a site on the New Jersey Register and recommend its listing on the National Register. N.J.A.C. 7:4-2.2c(15); 7:4-1.3.[6]
In support of its right to counsel fees for its work under the Historic Places Act, plaintiffs cite N.J.S.A. 2A:35A-8, the provision of the ERA that requires a court to "remit" the parties to administrative proceedings that "are required or available to determine the legality of the defendant's conduct...."[7] That provision, on its *416 face, is applicable only to a section 4a action, where the plaintiff claims a violation of existing law. Such a claim ordinarily should be determined in the first instance by the agency that is charged with enforcement of environmental laws. We need not address whether such a referral to the agency entitles that plaintiff, if it prevails, to counsel fees for the administrative proceedings. That is not this case.
This section 4b action was brought to forestall destruction of a municipally-owned site that was deemed historic by the plaintiffs, but was not yet listed in the Register or otherwise subject to any explicit limitation on its use or development. The Township was not alleged to have violated any statute, regulation, or ordinance in its attempt to develop the site or to prevent its listing in the Register.
Notably, the Historic Sites Act itself has no provision for recovery of counsel fees, unlike the ERA.[8] We find no basis in either statute  the ERA or the Historic Sites Act  for awarding counsel fees for representation in proceedings to list a site in the Register. To adopt plaintiffs' argument respecting the scope of proceedings that qualify for a fee award under the ERA would be to expand the statute's fee-shifting provision far beyond any reasonably inferable legislative intent. Indeed, under plaintiffs' interpretation, every applicant for listing in the Register of Historic Places could fund its efforts (that is, those that are successful) by filing an action for injunctive relief under section 4b of the ERA contemporaneous with nomination of the site.
Our conclusion is dictated by the statutes, which reflect legislative policy decisions. Any concern about the outcome in a case like this is best addressed to the Legislature.

IV
We hold that plaintiffs are entitled to counsel fees only for representation in the ERA action in the Superior Court. Unfortunately, however, the judge failed to make any findings to explain the award of $25,000 as plaintiffs' total counsel fee. The matter is therefore remanded for reconsideration of plaintiffs' fee application as provided herein, for "hours reasonably spent" at a "reasonable hourly rate" under the guidelines set forth by the Supreme Court in Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 20-24, 860 A.2d 435 (2004), and Rendine v. Pantzer, 141 N.J. 292, 661 A.2d 1202 (1995).
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith. We do not retain jurisdiction.
NOTES
[1] In In re Appeal of Adoption of N.J.A.C. 7:7A-1.4, 240 N.J.Super. 224, 233-34, 573 A.2d 162 (App.Div.1989), rev'd on other grounds, 118 N.J. 552, 573 A.2d 143 (1990), we held that counsel fees are not available under the Act for a successful challenge to adoption of an environmental regulation.
[2] Nothing in the legislative history of the ERA, or the several amendments to the counsel fee provision enacted in 1981, 1985, or 1990, sheds lights on the issue presented. See L. 1981, c. 339; L. 1985, c. 531; L. 1990, c. 28, § 17.
[3] Section 4a provides:

Any person may commence a civil action in a court of competent jurisdiction against any other person alleged to be in violation of any statute, regulation or ordinance which is designed to prevent or minimize pollution, impairment or destruction of the environment. The action may be for injunctive or other equitable relief to compel compliance with a statute, regulation or ordinance, or to assess civil penalties for the violation as provided by law. The action may be commenced upon an allegation that a person is in violation, either continuously or intermittently, of a statute, regulation or ordinance, and that there is a likelihood that the violation will recur in the future.
[4] Plaintiffs sought fees for the work of these attorneys: Deborah Israel, Partner, $43,048 (115 hours @ $350-$400/hr); Neil Waters, Of Counsel, $41,246 (173.1 hours @ $230-$335/hr); Greg Werkheiser, Associate, $509,390 (2,140 hours @ $200-$305/hr); Chris Pantel, Associate, $61,469.50 (341.45 hours @ $150-$220/hr); and Cathy Hinger, Associate, $9,805 (37 hours x $265/hr).
[5] The record before us does not suggest that the Township has ever sought permission from the DEP for development of any portion of the Black Creek site pursuant to N.J.A.C. 7:4-7.1.
[6] The nomination is a "complementary process to ... the Federal procedures for the National Register." N.J.A.C. 7:4-1.1(a)1. See generally the National Historic Preservation Act of 1966, 16 U.S.C. § 470; see also N.J.A.C. 7:4-2.1.
[7] N.J.S.A. 2A:35A-8 provides:

If administrative or other proceedings are required or available to determine the legality of the defendant's conduct, the court shall remit the parties to such proceedings, except where immediate and irreparable damage will probably result, which proceedings shall be conducted in accordance with and subject to the applicable provision of law providing for such proceedings and the provisions of the "Administrative Procedure Act," P.L. 1968, c. 410 (C. 52:14B-1 et seq.). In so remitting the court may grant temporary equitable relief where necessary for the protection of the environment or the interest of the public therein from pollution, impairment or destruction. In so remitting the court shall retain jurisdiction of the action pending completion thereof for the purpose of determining whether the administrative findings made in such proceedings are supported by substantial evidence and the agency action is in conformance with the law.
[8] Indeed, there is no record of any counsel fee application by plaintiffs after their successful response to the Township's appeal of the decision to list the site in the Register.