**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3564-15T3

UMUT TURKDOGAN and
ENGIN TURKDOGAN,

    Plaintiff-Respondents/
    Cross-Appellants,

v.

MEDISPA OF SHREWSBURY LIMITED
LIABILITY COMPANY d/b/a MEDISPA
AT SHREWSBURRY, MARGUERITE
DEFONTE, CHRISTINA LYNN
TSAGARIS, NICHOLAS DEFONTE, LASER
MED SPA MANAGEMENT LIMITED LIABILITY
COMPANY, and DR. JAMES AVELLINI,

    Defendants,

and

DR. JOSEPH FRETTA,

    Defendant-Appellant/
    Cross-Respondent.

_____

        Submitted May 25, 2017 — Decided June 29, 2017

        Before Judges Lihotz, Hoffman and O'Connor.

        On appeal from Superior Court of New Jersey,
        Law Division, Special Civil Part, Monmouth
        County, Docket Nos. DC-6054-14 and DC-4870-
        14.

Law Offices Robbins and Robbins LLP, attorneys for appellant/cross-respondent (Spencer B. Robbins, on the brief).

The Swain Law Firm, P.C., attorneys for respondents/cross-appellants (Andrew D. Swain and Christopher A. Bradley, on the brief).

PER CURIAM

Defendant Joseph Fretta, M.D., appeals from a March 14, 2016 Special Civil Part order denying his motion for reconsideration of the December 17, 2015 order, which directed he pay $7000 in counsel fees to plaintiffs, Umut Turkdogan and Engin Turkdogan.[1] Umut and Engin cross appeal from a November 13, 2015 order entering judgment for $590.96 in their favor, as well as the December 17, 2015 order.

After reviewing the record, briefs, and applicable law, we affirm in part and remand in part for further proceedings.

I

Plaintiffs' complaint alleges in May 2012, they each sustained burns after undergoing a procedure to remove hair from their backs using a laser. The procedure was performed at defendant Medispa of Shrewsbury, L.L.C., (Medispa) by defendant Christina Lynn Tsagaris, a cosmetician. Before trial,

---

[1] Engin Turkdogan is the father of Umut Turkdogan. To avoid confusion, we refer to the father as Engin and the son as Umut. We do not intend any disrespect by such informality.

defendants Medispa, Tsagaris, and Marguerite Defonte, the owner of Medispa, each settled for $8000. Defendants James Avellini, M.D., and Nicholas Defonte were dismissed from the complaint. The matter was then tried against the sole remaining defendant, Fretta.

It is not disputed cosmeticians are prohibited from using a laser, see N.J.S.A. 45:5B-3, and that Tsagaris used a laser to remove hair from both of plaintiffs' backs. In their complaint, plaintiffs alleged Fretta held himself out to be and was in fact Medispa's medical director. Plaintiffs specifically contended Fretta violated the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -204, because, as medical director, he failed to properly supervise Tsagaris to ensure she did not use a laser for hair removal. Plaintiffs also claimed that, as medical director, Fretta was negligent; specifically, he breached a duty of care toward them by failing to ensure Tsagaris did not use a laser and, as a proximate result, they were injured.

Plaintiffs further maintained that, even if he were not in fact Medispa's medical director, Fretta violated the CFA by allowing Medispa to falsely advertise that he was, thus inducing plaintiffs to use Medispa's services out of a belief its cosmeticians' services were being supervised by a physician.

3

They also claimed Fretta was negligent for permitting Medispa to use his name and, as a proximate result, sustained injury.[2]

At trial, plaintiffs, representatives of Medispa, and Fretta testified. Both plaintiffs stated they received medical treatment after being burned by the laser. Umut claimed his economic damages were $1050; Engine testified his were $1190. Umut also testified "it gave me assurance there was a medical director. So it gave me understanding of the legitimacy of the practice." Engin did not know there was a medical director or physician associated with Medispa.

Both the owner of Medispa and one of its cosmeticians testified that, at the time plaintiffs received the laser hair removal services, Fretta was Medispa's medical director and regularly represented such fact to third parties. Fretta testified he was not Medispa's medical director and never authorized Medispa to represent he was.

Following trial, the court issued an oral decision, in which it found plaintiffs and the representatives of Medispa

---

[2] Plaintiffs asserted other causes of action against Fretta in their complaint, but none are at issue on appeal, with the exception of the count alleging negligence per se. In their brief before us, plaintiffs argue the trial court failed to address whether Fretta was negligent per se. However, our reading of this count reveals no allegation against Fretta was made. Accordingly, we do not address any claim Fretta was negligent per se.

4

more credible than Fretta, who the court determined had not been "completely forthright" with the court. Although not well articulated, implicit in the court's findings was Fretta was not in fact Medispa's medical director, but that Fretta allowed Medispa to hold him out as though he were. The court found that, as a result, Umut relied on the fact Medispa "was operational under guise of medical authority overseeing the day to day operations."

The court concluded that by allowing third parties to believe he was Medispa's medical director when in fact he was not, Fretta violated N.J.S.A. 56:8-2, which prohibits, among other things, a misrepresentation, "or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise." The court held Fretta was liable to plaintiff "in consumer fraud for treble damages," and "Fretta is responsible for 20 percent of the cost spent by [Umut] for the procedure done." The court reduced the damages attributable to Fretta to twenty percent because

> Fretta really didn't have anything to do with these patients but for the fact that he held himself out as a medical director. So his percentage of culpability is much less than that of the . . . co-defendants. And

5

                    . . . based on my assessment of the facts
            and evidence as I see it, it is 20 percent.

The court then found Umut sustained economic losses of
$984.94. After trebling and then reducing this amount by twenty
percent, the court calculated Umut was entitled to $590.96 in
damages, plus reasonable attorneys fees. The court did not make
any findings as to Engin or any findings on plaintiffs' claim
Fretta had been negligent.

On November 2, 2015, the trial court entered an order
stating it was entering judgment in favor of "plaintiff" in the
amount of $590.96, and that plaintiffs' counsel was to submit a
certification on counsel fees. On November 13, 2015, the court
entered an order amending the November 2, 2015 order, stating
judgment for $590.96 was entered in favor of "plaintiffs"
instead of "plaintiff."

Plaintiffs' counsel submitted a certification in support of
their request for attorneys fees and, on December 17, 2015, the
court entered an order awarding plaintiffs $7000 for such fees.
In the order, the court provided its reasons for awarding this
particular sum in counsel fees. On March 14, 2016, the court
denied Fretta's motion for reconsideration of the December 17,
2015 order. In the March 14, 2016 order, the court stated:

            This Court's award of attorney fees to
            Plaintiff in the amount of $7,000 is clearly

                              6

> outlined in the Order dated December 17, 2015. This Court finds no palpable mistake of law or fact that would warrant reconsideration of this award. Accordingly, the Order dated December 17, 2015 remains in full force and effect.

Fretta filed a notice of appeal and, on June 6, 2016, we entered an order clarifying Fretta's appeal is limited to a review of the March 14, 2016 order.

II

On appeal, Fretta contends the trial court erred when it ordered him to pay $7000 in counsel fees, because he was responsible for causing only $590.96 in damages. He also challenges the November 2 and November 13, 2015 orders. As our review is limited to the March 14, 2016 order, we do not address Fretta's challenges to the November 2 and November 13, 2015 orders.

A trial court's award of counsel fees "will be disturbed only on the rarest occasions, and then only because of a clear abuse of discretion." Rendine v. Pantzer, 141 N.J. 292, 317 (1995). Under state fee-shifting statutes, "the first step in the fee-setting process is to determine the 'lodestar': the number of hours reasonably expended multiplied by a reasonable hourly rate." Id. at 334-35. This is the "most significant element in the award of a reasonable fee because that function

7

requires the trial court to evaluate carefully and critically the aggregate hours and specific hourly rates advanced by counsel for the prevailing party to support the fee application." Id. at 335.

"It does not follow that the amount of time actually expended is the amount of time reasonably expended." Ibid. (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980)). Hours are not considered reasonably expended if they are "excessive, redundant, or otherwise unnecessary" or are spent on "claims on which the party did not succeed" or "that were distinct from claims on which the party did succeed." Ibid. (quoting Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)).

We have considered Fretta's arguments, and conclude they are without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E). Bearing in mind a court's discretion in awarding counsel fees, we affirm the March 14, 2016 order for substantially the same reasons set forth in that order, as well as in the December 17, 2015 order.

In their cross-appeal, plaintiffs contend the trial court erred because it awarded them only $7000 in fees and, further, the court failed to find defendant's actions also constituted negligence. Plaintiffs also point out the court did not make

8

any findings about Engin with respect to any of his claims, and that the court's findings on Umut's economic damages were unsupported by the evidence.

After examining plaintiffs' arguments and the applicable law on the question of counsel fees, we similarly conclude their arguments devoid of merit. We affirm the December 17, 2015 order for the reasons expressed in that order.

We agree the court overlooked making any findings concerning Engin's claims, and failed to provide its reasons for rejecting plaintiffs' claim Fretta was negligent. "The judge's failure to make findings and conclusions is not only in disregard of oft-stated admonitions," but also causes "a substantial disservice, for [the appellate court is] left unable to resolve the meritorious issues which they project." Girandola v. Allentown, 208 N.J. Super. 437, 440-41 (App. Div. 1986). However, because the court found Fretta was not in fact the medical director of Medispa, we question, without deciding, whether Fretta can be held liable for failing to ensure, as plaintiffs allege, the cosmeticians did not use lasers on customers to remove hair. But plaintiffs also contend Fretta breached a duty of care to them by allowing his name to be used by Medispa to attract customers. Plaintiffs maintain this breach proximately caused them injury. Thus, we are compelled

9

to remand this matter to the trial court, so that it may determine whether a duty of care existed, see Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 439 (1993), and if so, whether Fretta breached that duty of care and proximately caused the damages plaintiffs allege.

Finally, although a very minute point, the evidence reveals Umut's economic damages totaled $1050, not $984.94; thus, after making the adjustments the court found warranted, Umut's damages total $630, not $590.96.[3] On remand the court shall amend the judgment to reflect Umut's damages on the claim Fretta violated the CFA are $630.

Affirmed in part and remanded in part for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] These adjustments are that $1050 is to be trebled and the resulting sum reduced by twenty percent.

10