**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0056-23

SAVE BARNEGAT BAY, INC.,
a Non-Profit Corporation of the
State of New Jersey,

     Plaintiff-Appellant,

v.

DONALD F. BURKE, SR.,
DONALD F. BURKE, JR.,
PATRICIA BURKE, and
80 MANTOLOKING, LLC,

     Defendants-Respondents,

and

NEW JERSEY DEPARTMENT OF
ENVIRONMENTAL PROTECTION,

     Defendant.

_____

          Argued September 18, 2024 – Decided November 1, 2024

          Before Judges Rose, DeAlmeida and Puglisi.

          On appeal from the Superior Court of New Jersey, Law
          Division, Ocean County, Docket No. L-1171-22.

Stuart J. Lieberman argued the cause for appellant (Lieberman Blecher & Sinkevich, PC, attorneys; Stuart J. Lieberman, of counsel and on the briefs; C. Michael Gan, and Erica L. Peralta, on the briefs).

Donald F. Burke, Jr. argued the cause for respondents Donald F. Burke, Patricia Burke, and 80 Mantoloking, LLC (Law Office of Donald F. Burke, attorneys; Donald F. Burke and Donald F. Burke, Jr., on the joint brief).

Donald F. Burke argued the cause for respondent Donald F. Burke, Jr. (Law Office of Donald F. Burke, attorneys; Donald F. Burke and Donald F. Burke, Jr., on the joint brief).

PER CURIAM

Plaintiff Save Barnegat Bay, Inc. appeals from the Law Division's July 25, 2023 orders dismissing its complaint for failure to state a claim. Because the trial court misconstrued the requirements necessary to state a claim under the Environmental Rights Act (ERA), N.J.S.A. 2A:35A-1 to -14, we reverse and remand.

Plaintiff is a non-profit corporation. Defendants Donald F. Burke, Sr. and Patricia Burke owned two properties in Brick Township (the Mantoloking and Gale properties); defendant 80 Mantoloking, LLC owned a property in Brick Township adjacent to the Mantoloking property (collectively, the Mantoloking properties); and defendant Donald F. Burke, Jr. owned a property in Bay Head

A-0056-23

(the Twilight property).   The Mantoloking and Gale properties contained freshwater wetlands, coastal wetlands and a transition area, the Gale property also contained a tidal stream, and the Twilight property contained freshwater wetlands and a transition area.

Plaintiff filed a complaint against defendants pursuant to the ERA, seeking injunctive relief, civil penalties and counsel fees against the individual defendants and injunctive relief against the New Jersey Department of Environmental Protection (DEP).

Counts one and two alleged Donald, Sr.,[1] Patricia and 80 Mantoloking, LLC improperly dumped on, discharged in and filled the Mantoloking properties without a permit in violation of the Freshwater Wetlands Protection Act (FWPA), N.J.S.A. 13:9B-1 to -30; FWPA rules, N.J.A.C. 7:7A-1.1 to -22.20; and Coastal Zone Management (CZM) rules, N.J.A.C. 7:7-1.1 to -29.10. Plaintiff alleged the DEP issued a notice of violation but was either unwilling or unable to investigate when defendants refused DEP's request to access the properties.

---

[1]  Because defendants share a common surname, we utilize their first names.  No disrespect is intended.

Count three alleged Donald, Sr. and Patricia constructed a house and bulkhead without the required permits and improperly filled a stream on the Gale property in excess of the permitted use, in violation of the FWPA, FWPA rules, CZM rules, the Wetlands Act of 1970 (WA), N.J.S.A. 13:9A-1 to -10, the Flood Hazard Area Control Act (FHACA), N.J.S.A. 58:16A-1 to -103, and FHACA rules, N.J.A.C. 7:13-1.1 to -24.11. Plaintiff alleged the DEP was either unwilling or unable to investigate when defendants refused its request to access the property.

Count four alleged Donald, Jr. illegally cleared and filled the Twilight property, in excess of the permitted use and in violation of the FWPA, FWPA rules, the WA and CZM rules. Plaintiff alleged the DEP did not properly investigate complaints about the violations.

Count five named DEP as a necessary party to the litigation.

After removal to and subsequent remand from federal court, the individual defendants and the DEP moved to dismiss the complaint.[2] After considering oral argument, the court dismissed the complaint for failure to state a claim.

As to the Twilight property, the court noted that the planning board's decision to grant the development permit was pending before the Appellate

---

[2] Plaintiff did not appeal the order dismissing the complaint as to the DEP.

Division and therefore it would be inappropriate for it to make any determination as to whether or not those permits were correctly issued.[3]

As to the Mantoloking and Gale properties, the court found that

> plaintiff has not been able to identify to this [c]ourt any environmental hazard, any issue that would act as a detriment to the environment and be of concern to the people of the State of New Jersey, other than to state that somewhere along this property frontage there's flooding, and the flooding is because of some fill that may or may not have been placed on the property at any point in time subsequent to the ownership and development of the Burkes.
>
> The [c]ourt finds that the statute requires specificity when complaints are filed, that there has to be reasonable reliance upon the complaint for a defendant to be able to identify what is being complained of, what the harm is, what the violation is, rather than a nebulous claim that there was a violation of . . . the [ERA], that gives rise to the complaint because there was fill placed on the property without proper permitting, although there can be no date attached to it. That no extent of the amount of fill, the location of the fill, and what damage flows as a result of the fill being placed on the property. That is true both on the Gale . . . and . . . Mantoloking . . . propert[ies].
>
> There has been an inability of the complainant . . . to set forth with any specificity what damages flow

---

[3]  During the pendency of this appeal, we affirmed the trial court's orders dismissing challenges to the Bay Head Planning Board's grant of variances to construct a house on the Twilight property. See Brennan v. Bay Head Plan. Bd., No. A-3984-21 (App. Div. May 1, 2024).

from this alleged violation. The DEP has evaluated both the Gale . . . and the Mantoloking property. They have determined that it is not sufficient to proceed. The [c]ourt considers the claim now brought under the [ERA]. And due to the inability of the plaintiff to identify with any specificity allegations of violations of [the ERA], the [c]ourt finds that it is compelled and constrained under these circumstances to dismiss the complaint.

On appeal, plaintiff contends the complaint alleged sufficient facts to withstand the motion to dismiss, it had standing to sue under the ERA, and it should have been permitted to proceed with the complaint regarding the Twilight property notwithstanding the pending appeal.

We review de novo a trial court's decision on a motion to dismiss a complaint under Rule 4:6-2(e) for failure to state a claim upon which relief can be granted. Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021). We examine the motion "by the same standard applied by the trial court; thus, considering and accepting as true the facts alleged in the complaint, we determine whether they set forth a claim upon which relief can be granted." Sickles v. Cabot Corp., 379 N.J. Super. 100, 106 (App. Div. 2005) (citing Donato v. Moldow, 374 N.J. Super. 475, 483 (App. Div. 2005)).

"Section 4 of the ERA creates a private cause of action under two significantly different circumstances. Section 4(b) allows an action alleging a

violation of an existing 'statute, regulation or ordinance,'" whereas "Section 4(b) allows an action for equitable relief in those circumstances where no specific violation of a statutory or regulatory standard can be alleged, but environmental harm . . . is allegedly threatened." Patterson v. Vernon Twp. Council, 386 N.J. Super. 329, 332 (App. Div. 2006). Section 4(a) "empowers any person to maintain an action to enforce or restrain violation of any statute, regulation or ordinance establishing protection against impairment or destruction of the environment." Twp. of Howell v. Waste Disposal, Inc., 207 N.J. Super. 80, 93 (App. Div. 1986).

Here, plaintiff alleged defendants' actions violated environmental statutes and regulations, which comprise a Section 4(a) claim. Plaintiff was not required to show damages because actual harm is not a prerequisite to maintain a complaint under Section 4(a). Because the trial court mistakenly conflated the elements of a Section 4(a) and 4(b) claim, we are constrained to reverse the order and remand for reconsideration under the correct standard. We also agree with plaintiff's contention that the ERA does not require a plaintiff to plead with specificity; by contrast, N.J.S.A. 2A:35A-13 requires the ERA "to be liberally construed to effectuate [its] purpose and intent."

A-0056-23

Lastly, we note defendants' motion to dismiss annexed a certification attaching documents not referenced in the complaint, and the motion transcript reveals argument and discussion about documents and information not referenced in the complaint. For instance, the court asked questions of plaintiff's counsel to explore whether the complaint was subject to dismissal as harassing under N.J.S.A. 2A:35A-4(c). In addition, counsel for the DEP explained the agency's actions, its application for a search warrant, and its decision not to pursue further investigation. This information may inform the court's decision as to whether the DEP "has exercised properly its preemptive jurisdiction" because plaintiff here "asserted that[ the] DEP has failed in its mission, neglected to take action essential to fulfill an obvious legislative purpose, or . . . has not given adequate and fair consideration to local or individual interests." Twp. of Howell, 207 N.J. Super. at 96. However, on remand the court may only consider matters outside the pleadings by converting the motion to dismiss to a summary judgment motion pursuant to Rule 4:6-2(e). We leave the scope of the remand proceedings to the court's sound discretion.

Reversed and remanded. Jurisdiction is not retained.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0056-23