746 A.2d 61 (2000)
Bea WARRINGTON, Plaintiff-Appellant/Cross-Respondent,
v.
VILLAGE SUPERMARKET, INC. and East Orange Center Urban Renewal Associates, Defendants-Respondents/Cross-Appellants, and
The Construction Official of the City of East Orange and the Fire Official of the City of East Orange, Defendants.
Superior Court of New Jersey, Appellate Division.
Argued September 22, 1999.
Decided February 24, 2000.
*62 David J. Popiel, South Orange, for appellant/cross-respondent (Community Health Law Project, attorney; Mr. Popiel, of counsel and on the brief).
Timothy P. Beck, Warren, for respondent/cross-appellant Village Supermarket, Inc. (Bivona, Cohen, Kunzman, Coley, Yospin, Bernstein & DiFrancesco, attorneys; Mr. Beck, on the brief).
*63 Gruen & Goldstein, Union, for respondent/cross-appellant East Orange Center Urban Renewal Associates, joins in the brief of respondent/cross-appellant Village Supermarket, Inc.
Before Judges MUIR, Jr., WALLACE, and CUFF.
The opinion of the court was delivered by CUFF, J.A.D.
In this appeal, we review two orders concerning plaintiff's application for attorneys' fees. One order declared that plaintiff had not waived her right to seek attorneys' fees from the settling defendants. The other order denied the fee application on the basis that the terms of the settlement did not trigger an entitlement to attorneys' fees. Defendants appeal from the initial order; plaintiff appeals from the order denying her fee application on the merits. We affirm the order finding no waiver but reverse the order denying the fee application.
On December 30, 1992, plaintiff Bea Warrington filed a complaint against defendants Village Supermarket, Inc., East Orange Center Urban Renewal Associates, and the Construction Official of the City of East Orange, which alleged that the shopping cart corral of a newly constructed Shop-Rite food market violated the Handicapped Access Law (HAL), N.J.S.A. 52:32-4 to -10, and its implementing regulations, the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -42, and the Americans with Disabilities Act (ADA), 42 U.S.C.A. §§ 12101 to 12213. Plaintiff sought compensatory and punitive damages, as well as injunctive relief. Specifically, she sought revocation of the supermarket's certificate of occupancy, and removal or modification of the shopping cart corral which obstructed access to the supermarket for wheelchair-bound disabled persons. She also sought attorneys' fees and costs in accordance with the LAD and ADA. An amended complaint named the Fire Official of the City of East Orange as a defendant.
The record reveals that the shopping cart corral located on the premises of the supermarket was structured with a series of posts and metal railings for the purpose of preventing the shopping carts from being removed from the premises. The configuration of the corral provided a passage of thirty-two inches in width, too narrow to allow passage of persons in wheelchairs. The food market is a public building and subject to the New Jersey Barrier-Free Construction Law and its regulations, which requires a minimum thirty-six inch passage to assure accessibility by disabled persons.
The corral was equipped with a swinging gate designed to afford handicapped accessibility when the gate was open. However, the gate was secured with a padlock and a disabled person required the assistance of an employee to gain access to the building. Plaintiff contended that it was difficult to get the attention of an employee and that it "often took a considerable amount of time and imposed significant inconvenience, especially in inclement weather."
Prior to the scheduled trial date, the parties settled all substantive issues. A consent judgment was entered on August 24, 1994. The preamble to the consent judgment provides "that these parties have agreed upon a settlement of the substantive matters at issue in this litigation...." The judgment further provides that defendant Village Supermarkets, Inc. will assure a clear opening through the corral and dictates the location, width, height and hours of the opening. It also requires the landlord and the appropriate municipal officials to enforce the terms of the judgment. Finally, the judgment provides that "this matter is dismissed as to all defendants with prejudice."
When the consent judgment was submitted to defense counsel, the cover letter from plaintiff's counsel referred to the proposed judgment "ending this litigation as *64 between our clients." Then, in a letter dated September 2, 1994, plaintiff's counsel forwarded a copy of the filed consent judgment to counsel and said, "[T]his brings the substantive aspects of the case to a close. Later this week I will submit to you a request for attorneys' fees."
On or about March 3, 1995, plaintiff filed a motion to declare she retained the right to apply for attorneys' fees. In an opinion dated January 30, 1996, the motion judge declared that plaintiff had not waived her right to seek attorneys' fees. The motion judge found that the consent judgment was silent on the issue of attorneys' fees. However, she analyzed federal cases concerning a settling party's right to attorneys' fees and determined that a prevailing plaintiff is entitled to fees absent an express waiver. Having found plaintiff had not expressly waived her right to seek attorneys' fees, the motion judge ruled that plaintiff retained her right to apply for attorneys' fees. The motion judge also held that R. 4:42-9(d) did not bar the fee application because it did not expressly require an application for attorneys' fees to be made prior to final adjudication of the substantive issues. Furthermore, to the extent the rule would bar such an application, this case presented special circumstances to relax the rule.
On appeal, defendants argue that the motion judge erred in finding the consent judgment did not waive plaintiff's right to apply for attorneys' fees. They contend that plaintiff waived this right when the judgment was silent on the issue of fees. They further argue that the motion judge misapplied the law to the facts of the case. Plaintiff asserts that the failure to refer to attorneys' fees in the judgment did not relinquish her rights. She insists that any waiver must be express and unequivocal and that defendants wrongly assumed that resolution of the substantive issues included the issue of attorneys' fees.

I
Under the "American Rule," to which New Jersey subscribes, a prevailing party may not recover counsel fees from the losing party. Rendine v. Pantzer, 141 N.J. 292, 322, 661 A.2d 1202 (1995); Van Horn v. City of Trenton, 80 N.J. 528, 538, 404 A.2d 615 (1979). However, such fees may be awarded when expressly authorized by statute, court rule, or contractual provision. Department of Envtl. Protection v. Ventron Corp., 94 N.J. 473, 504, 468 A.2d 150 (1983); In re Thomas, 278 N.J.Super. 580, 584, 651 A.2d 1063 (App. Div.), certif. denied, 141 N.J. 95, 660 A.2d 1194 (1995); see also R. 4:42-9(a)(8).
In her complaint, plaintiff invoked both state and federal statutes, the LAD and the ADA, which allow attorneys' fees to the prevailing party. N.J.S.A. 10:5-27.1; 42 U.S.C.A. § 12205. The consent judgment, however, does not contain any provision for attorneys' fees. The threshold issue, therefore, is whether the silence of the consent judgment regarding an allowance of attorneys' fees constitutes a waiver of plaintiff's right to obtain fees.
A prevailing party's right to attorneys' fees in the face of a consent judgment which is silent on the issue has generated a tremendous amount of litigation and disparate rules to resolve the controversy. In Coleman v. Fiore Bros., 113 N.J. 594, 552 A.2d 141 (1989), the Court established prospectively one set of rules for cases involving private counsel and another set of rules for public interest counsel. In the latter cases, defense counsel may not insist on a waiver or compromise of statutory fees as a condition of settlement. Id. at 611, 552 A.2d 141. In addition, public interest counsel have been directed to make defendants and defense counsel aware during negotiations that a counsel fee will be sought. Ibid. As to the specific case before it, the Court examined the course of the negotiations and the settlement documents and concluded that the failure to reserve the issue in the settlement agreement "would run counter to the fair expectations of counsel in the conduct of this case to have surmised that the *65 public policy of New Jersey forbade such a settlement and dismissal of the action for statutory fees." Id. at 610, 552 A.2d 141. By directing public interest counsel to raise the issue of their intention to seek fees during discussions with defense counsel, the Court signaled it will examine the course of the negotiations and the conduct of the attorneys to determine if a plaintiff has waived a right to a statutory fee.
A different rule has developed in the federal courts, notably within the Third Circuit. Since 1984, the Court of Appeals for the Third Circuit has held that waiver of a statutory fee will not be presumed in the face of a consent judgment which does not address attorneys' fees. Rather, a prevailing party will be entitled to an attorneys' fee unless the settlement agreement expressly and specifically waives that right. Torres v. Metropolitan Life Ins. Co., 189 F.3d 331, 333-34 (3d Cir.1999); El Club Del Barrio, Inc. v. United Community Corps., 735 F.2d 98, 99 (3d Cir.1984). Further, a settlement agreement that is silent as to attorneys' fees will not be deemed a waiver, regardless of the course of negotiations. Torres, supra; Ashley v. Atlantic Richfield Co., 794 F.2d 128, 139 (3d Cir.1986); El Club Del Barrio, supra, 735 F.2d at 100. The bright-line rule of an express and specific waiver of fees adopted by the Third Circuit establishes uniformity of decision and furthers the United States Supreme Court rule that prevailing plaintiffs should recover attorneys' fees as authorized by statute "unless special circumstances would render such an award unjust." Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263, 1265-66 (1968).
Here, plaintiff founded her right to relief under state law, the LAD, and federal law, the ADA. Although the consent judgment does not refer to either statute, the relief obtained by plaintiff vindicates the rights expressly secured by the ADA.[1] We need not consider whether the course of negotiations and counsel's failure to follow the procedure announced in Coleman barred plaintiff's fee application. As noted, Coleman governs cases filed in state court seeking relief solely under a state statute allowing fee-shifting. Here, because the ADA is implicated, we elect to apply the rule governing settlement of cases in federal court brought under federal statutes which provide for fee-shifting.
Applying the bright-line rule followed by the Court of Appeals for the Third Circuit, it is apparent that plaintiff did not waive her right to apply for an award of attorneys' fees. The consent judgment does not address attorneys' fees at all. It certainly does not contain an express and specific waiver of attorneys' fees. Thus, we hold that plaintiff did not waive her right to apply for an attorneys' fee and Judge Loftus' February 22, 1996 order is affirmed.

II
Having decided that the consent judgment did not waive plaintiff's right to apply *66 for an attorneys' fee, we turn to the question of whether plaintiff is a prevailing party. The second motion held that plaintiff was not entitled to fees because there was no finding or admission that defendants had violated the LAD and/or ADA. We are satisfied that this analysis of plaintiff's right to fees is inconsistent with governing law.
The test for determining whether a party is prevailing and entitled to receive an award of attorneys' fees is similar for state and federal fee-shifting statutes. Entitlement to attorneys' fees is predicated on the relationship between the relief sought and the relief obtained. Institutionalized Juveniles v. Secretary of Pub. Welfare, 758 F.2d 897, 911 (3d Cir.1985); Singer v. State, 95 N.J. 487, 495, 472 A.2d 138, cert. denied, 469 U.S. 832, 105 S.Ct. 121, 83 L.Ed.2d 64 (1984). A plaintiff is considered a prevailing party "when actual relief on the merits of [the] claim materially alters the relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111-12, 113 S.Ct. 566, 573, 121 L.Ed.2d 494, 503 (1992); see also Metropolitan Pittsburgh Crusade for Voters v. City of Pittsburgh, Pa., 964 F.2d 244, 250 (3d Cir.1992) (a "`plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant'") (citation omitted); New Jersey Citizen Action v. The Riviera Motel Corp., 296 N.J.Super. 402, 417-18, 686 A.2d 1265 (App.Div.1997) (a party is prevailing if it succeeds in obtaining a result that alters or affects defendant's behavior toward plaintiff), appeal dismissed, 152 N.J. 361, 704 A.2d 1297 (1998); Bolyard v. Berman, 274 N.J.Super. 565, 581, 644 A.2d 1122 (App.Div.) (plaintiff is prevailing when the legal relationship between the parties is modified or defendant's behavior is altered in a way which directly benefits the plaintiff), certif. denied, 138 N.J. 272, 649 A.2d 1291 (1994).
In Singer, supra, the Court expressed the test for prevailing party as follows:
The test, as noted, first calls for a factual nexus between plaintiff's litigation and the relief ultimately achieved.... Second, under Nadeau[2], it must be shown that the relief ultimately secured by plaintiffs had a basis in law.

[95 N.J. at 495, 472 A.2d 138.]
The form of the judgment is not entitled to conclusive weight. Ross v. Horn, 598 F.2d 1312, 1322 (3d Cir.1979), cert. denied, 448 U.S. 906, 100 S.Ct. 3048, 65 L.Ed.2d 1136 (1980); Bolyard, supra, 274 N.J.Super. at 581, 644 A.2d 1122. Rather, a court must determine whether the plaintiff's "`lawsuit acted as a catalyst which prompted [defendants] to take action' to correct the unlawful practice." N.A.A.C.P. v. Wilmington Med. Ctr., Inc., 689 F.2d 1161, 1167 (3d Cir.1982) (citation omitted), cert. denied, 460 U.S. 1052, 103 S.Ct. 1499, 75 L.Ed.2d 930 (1983); Jackson v. Georgia-Pac. Corp., 296 N.J.Super. 1, 23, 685 A.2d 1329 (App.Div.1996), certif. denied, 149 N.J. 141, 693 A.2d 110 (1997).
In reviewing the relief obtained, a prevailing party need only be nominally successful. Prevailing on "`any significant issue ... which achieves some benefit ... sought in bringing suit'" will suffice. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 50 (1983) (citation omitted); New Jersey Citizen Action, supra, 296 N.J.Super. at 417, 686 A.2d 1265. "[T]he magnitude of the relief obtained" is irrelevant; an award of nominal damages is sufficient to constitute a party as prevailing. Farrar, supra, 506 U.S. at 112-14, 113 S.Ct. at 573-74, 121 L.Ed.2d at 503-04; Connell v. East River Sav. Bank, 285 N.J.Super. 351, 364, 666 A.2d 1379 (App.Div.1995), certif. denied, 144 N.J. 378, 676 A.2d 1092 (1996). The Third Circuit has held that if plaintiff succeeds in "`moving the defendant to do *67 more than it was already committed to do,' she will be deemed to have prevailed." Ashley, supra, 794 F.2d at 136 (quoting Disabled in Action of Pa. v. Pierce, 789 F.2d 1016, 1020 (3d Cir.1986)); New Jersey Citizen Action, supra, 296 N.J.Super. at 417-18, 686 A.2d 1265. Furthermore, it is immaterial whether there was a "full litigation of the issues." Maher v. Gagne, 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653, 661 (1980); Singer, supra, 95 N.J. at 495, 472 A.2d 138; Girandola v. Borough of Allentown, 208 N.J.Super. 437, 441-42, 506 A.2d 64 (App.Div.1986). When an action ends in settlement conferring relief sought, a prevailing plaintiff's claim for attorneys' fees is not relinquished. Ashley, supra, 794 F.2d at 132; Girandola, supra, 208 N.J.Super. at 442, 506 A.2d 64.
Further, it is immaterial that plaintiff received only some of the relief requested. In Hensley v. Eckerhart, supra, the Supreme Court held:
[it is not] necessarily significant that a prevailing plaintiff did not receive all the relief requested. For example, a plaintiff who failed to recover damages but obtained injunctive relief, or vice versa, may recover a fee award....
[Hensley, supra, 461 U.S. at 435 n. 11, 103 S.Ct. at 1940 n. 11, 76 L.Ed.2d at 52 n. 11; Singer, supra, 95 N.J. at 493-94, 472 A.2d 138.]
This State follows the same rule.
In H.I.P. v. Hovnanian at Mahwah VI, Inc., 291 N.J.Super. 144, 676 A.2d 1166 (Law Div.1996), a physically challenged plaintiff brought suit against a real estate developer for alleged violations of various statutes, including the LAD and the ADA. Id. at 153-54, 676 A.2d 1166. After defendant agreed by way of settlement to modify condominium units to make them accessible to handicapped persons, plaintiff moved for attorneys' fees. Ibid. Although plaintiff procured a settlement which provided only injunctive relief, the court held:
It is of no moment that the changes, when actually implemented by [defendant], were minor. Plaintiff represented the interests of the physically challenged to whom issues such as the wheelchair-turning radius in a bathroom, and whether the doors swing into or out of a room, are very important.
[H.I.P., supra, 291 N.J.Super. at 155, 676 A.2d 1166.]
Here, the motion judge held that plaintiff could not recover attorneys' fees because the relief obtained was not founded in a law which provided for attorneys' fees. In reaching this decision, he confined his review to the express terms of the consent judgment which referenced the HAL and regulations adopted pursuant to the statute. We conclude that the motion judge's evaluation of plaintiff's right to fees was too narrow.
Plaintiff's complaint sought relief under the LAD, the ADA, and the HAL. The HAL does not contain a fee-shifting provision; however, the ADA and the LAD contain such provisions. Unquestionably, plaintiff's complaint was the catalyst for securing the relief she obtained. The barrier erected by defendants is not only condemned by the HAL and its regulations but is also encompassed by the prohibitions of the ADA and the LAD. Accordingly, plaintiff was a prevailing party as a matter of law.

III
Finally, we address whether R. 4:42-9(d) precludes plaintiff's fee application. The rule provides:
An allowance of fees made on the determination of a matter shall be included in the judgment or order stating the determination.

[R. 4:42-9(d).]
This rule reflects that a matter is not concluded until an allowed fee has been determined. See Urban League of Greater New Brunswick v. Mayor and Council of *68 Borough of Carteret, 115 N.J. 536, 546-47 n. 2, 559 A.2d 1369 (1989).
The rule has been interpreted as requiring the application to be made either before entry of final judgment or within ten days thereafter by a motion to alter or amend the judgment. Czura v. Siegel, 296 N.J.Super. 187, 190, 686 A.2d 390 (App.Div.1997). A motion pursuant to R. 4:50-1 from relief of order or judgment may also be appropriate.
Plaintiff's counsel followed neither course. He filed a motion in May 1995, six months after entry of the consent judgment, without reference to any rule, for a determination that plaintiff had not waived her right to apply for an attorneys' fee award. If the right to a fee derived solely from a state rule or statute, R. 4:42-9(d) would bar the application. We hesitate to apply this rule to this situation, however, because plaintiff's right to attorneys' fees is derived not only from a state statute but also a federal statute. To apply this rule to this case could operate to diminish the federal right to barrier-free access to public facilities. Cf. Felder v. Casey, 487 U.S. 131, 140, 108 S.Ct. 2302, 2308, 101 L.Ed.2d 123, 139 (1988) (state notice-of-claim provisions are inapplicable to civil rights actions founded on federal statute); Fuchilla v. Layman, 109 N.J. 319, 332-38, 537 A.2d 652, cert. denied sub nom, University of Medicine & Dentistry of New Jersey v. Fuchilla, 488 U.S. 826, 109 S.Ct. 75, 102 L.Ed.2d 51 (1988) (notice of claim provisions do not apply to discrimination claim founded on federal and state law). Although counsel's course is not condoned, under these circumstances, the rule should not be applied to bar the fee application. As a result of this disposition, we remand this matter to the Law Division for consideration of plaintiff's fee application.
The February 22, 1996 order is affirmed; the July 1, 1997 order is reversed and the matter is remanded.
NOTES
[1] 42 U.S.C.A. § 12182(a) provides:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.
42 U.S.C.A. § 12182(a)(2)(A) provides:
For purposes of subsection (a) of this section, discrimination includes 
* * *
(iv) a failure to remove architectural barriers,... in existing facilities, ... where such removal is readily achievable; ...
In addition, N.J.A.C. 13:13-4.2(a) provides:
It shall be unlawful for any person to refuse, withhold from or deny an individual, either directly or indirectly, on account of a handicap, access to any of the accommodations, advantages, facilities or privileges of a place of public accommodation. It shall be unlawful for any person to discriminate against a handicapped person in the price, terms, or conditions upon which access to such accommodations, advantages, facilities or privileges may depend.
[2] Nadeau v. Helgemoe, 581 F.2d 275 (1st Cir.1978).