NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4188-15T3

DEEDRA L. BOWEN,

 Plaintiff-Appellant,

v.

HYUNDAI MOTOR AMERICA,

 Defendant-Respondent.

______________________________

 Argued April 24, 2017 – Decided June 1, 2017

 Before Judges Currier and Geiger.

 On appeal from the Superior Court of New
 Jersey, Law Division, Atlantic County, Docket
 No. L-6224-14.

 Lewis G. Adler argued the cause for appellant
 (Mr. Adler and Paul DePetris, attorneys; Mr.
 Adler and Mr. DePetris, on the briefs).

 David S. Haase argued the cause for respondent
 (White and Williams LLP, attorneys; Mr. Haase
 and Siobhan K. Cole, of counsel and on the
 brief).

PER CURIAM

 In this appeal, we address the issue of whether an aggrieved

consumer of a new automobile, who successfully pursued and was
granted a repurchase of her vehicle through a manufacturer's

informal dispute settlement mechanism, may reject that settlement

offer and file a court action for similar relief in order to pursue

an attorney's fee award not available to the consumer under the

manufacturer's settlement program. Because we find that the two

recourses of action are not mutually exclusive, and an award of

attorney's fees is mandatory under the New Jersey Motor Vehicle

Warranty Act (Lemon Law), N.J.S.A. 56:12-29 to -49, we reverse.

 Plaintiff Deedra Bowen purchased a new Hyundai Sonata

manufactured by defendant Hyundai Motor America. The selling

dealer issued the manufacturer's warranty. During the warranty

period the vehicle experienced a recurring problem despite

multiple attempts at repairing the issue.

 Through counsel, plaintiff served a notice of demand for

revocation of acceptance of the vehicle pursuant to the New Jersey

Uniform Commercial Code (UCC), N.J.S.A. 12A:2-608, and the

Magnuson-Moss Warranty-Federal Trade Commission Improvement Act

(Magnuson-Moss), 15 U.S.C.A. §§ 2301 to 2312. Plaintiff requested

that defendant accept the return of the car, refund all payments

made to date, including any down payment, and satisfy any

outstanding financing or loan obligations. The demand requested

attorney's fees of $1250. The letter concluded:

 2 A-4188-15T3
 If the aforesaid action proceeds, the
 consumer(s) shall seek the remedy of
 revocation and actual/incidental/consequen-
 tial and statutory damages as well as
 attorney's fees and court costs. While the
 attorney's fees in this matter are currently
 small, as the case progresses through
 litigation, the attorney's fees and costs
 shall continue to accrue.

 After requesting further information, defendant responded

that its review of the repair history for the car did not warrant

a repurchase. However, "in the interest of goodwill," defendant

offered $2000 and a repair supervised by a Hyundai specialist if

the problem recurred. Defendant also advised that plaintiff could

participate in its alternative dispute program, BBB Auto Line

(BBB), provided by defendant at no cost to its consumers. A

decision rendered under the program was not binding on the

consumer; a consumer was not entitled to attorney's fees, civil

penalties or punitive damages.

 Defendant's warranty, in fact, required plaintiff to submit

any disputes regarding warranty coverage to BBB prior to seeking

any Magnuson-Moss remedies in a court action. Although New

Jersey's Lemon Law does not require consumers to submit their

claims to an informal resolution program before instituting

litigation in court, the BBB program is available for the

resolution of Lemon Law claims. See N.J.S.A. 56:12-39.

 3 A-4188-15T3
 Plaintiff submitted a customer claim form to the BBB program

seeking revocation pursuant to Magnuson-Moss and the New Jersey

UCC but specifically withholding her Lemon Law claims. The

arbitrator rendered an award in favor of plaintiff, finding that

a repurchase of the vehicle was the fair resolution and remedy for

the dispute.

 Plaintiff rejected the arbitration award and subsequently

filed an action in Superior Court asserting claims under Magnuson-

Moss, the New Jersey UCC and Lemon Law.

 The parties engaged in discovery. Plaintiff answered

interrogatories, produced requested documents, gave a deposition

and retained an expert to provide a report. Plaintiff filed

several motions to procure discovery from defendant. On the eve

of arbitration, the parties entered into a stipulation of

settlement in which defendant agreed to a Lemon Law repurchase of

the vehicle, with the issue of plaintiff's entitlement to and

amount of counsel fees to be submitted to the court for its

determination.

 Plaintiff argued before the trial judge that, as a prevailing

party, she was entitled to attorney's fees under the Lemon Law,

N.J.S.A. 56:12-42. Her counsel freely conceded that the only

objective of rejecting the BBB arbitration award in favor of court

litigation was the opportunity to recoup his attorney's fees. The

 4 A-4188-15T3
judge denied plaintiff's fee application in an oral decision on

April 1, 2016, finding that plaintiff was not entitled to fees in

the court action filed solely for the purpose of recovering counsel

fees because such fees were not permitted in the BBB arbitration.

 Plaintiff moved for reconsideration, and the judge issued a

written decision and order on May 20, 2016, denying the motion.

Although the court "[a]ssum[ed] that plaintiff's counsel is

entitled to an award of fees by virtue of the fee shifting

provision in the Lemon Law," he found that the level of success

achieved in the litigation was a factor to be considered in

determining an award of counsel fees under the Lemon Law. He

reasoned that both the arbitration and the settlement of the court

litigation had resulted in an award to plaintiff of the repurchase

of her vehicle. "Therefore, there was no level of success achieved

in the litigation, with the exception of generating an attorney's

fee."

 On appeal, plaintiff argues that she was a prevailing party

in the Lemon Law litigation, and therefore, is entitled to

attorney's fees, notwithstanding the results achieved in the BBB

arbitration. We agree.

 We review a trial judge's decision on an application for

counsel fees and costs for an abuse of discretion. "[F]ee

determinations by trial courts will be disturbed only on the rarest

 5 A-4188-15T3
of occasions, and then only because of a clear abuse of

discretion." Packard-Bamberger & Co. v. Collier, 167 N.J. 427,

444 (2001) (citing Rendine v. Pantzer, 141 N.J. 292, 317 (1995)).

We apply a similar standard to the court's denial of a motion for

reconsideration. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App.

Div. 1996). However, we owe no deference to an exercise of the

trial court's discretion that is based on that court's

misapprehension of the applicable law. Myron Corp. v. Atlantic

Mut. Ins., 407 N.J. Super. 302, 309 (App. Div. 2009)

 The Magnuson–Moss Act was enacted in 1975 "to aid consumers

by ensuring significant guarantees of quality and performance of

warranty provisions for purchased consumer goods, and 'to improve

the adequacy of information available to consumers, prevent

deception, and improve competition in the marketing of consumer

products.'" Fedor v. Nissan, 432 N.J. Super. 303, 311-12 (App.

Div. 2013) (quoting 15 U.S.C.A. § 2302(a)). The Act also sought

to advance the intent of Congress that warrantors "establish

procedures whereby consumer disputes [could be] fairly and

expeditiously settled through informal dispute settlement

mechanisms." Id. at 312 (alteration in original) (quoting 15

U.S.C.A. § 2310(a)(1)). The Federal Trade Commission (FTC) was

directed by Congress to "prescribe rules setting forth minimum

requirements for any informal dispute settlement procedure which

 6 A-4188-15T3
is incorporated into the terms of a written warranty." Id. (citing

15 U.S.C.A. § 2301(a)(2)).

 The FTC Informal Dispute Settlement Procedures Rule, 16

C.F.R. § 703 (2015), governs the mechanism procedures to be

followed in an informal dispute proceeding. The decision of an

arbitrator is not binding, id. § 703.5(j), and a dissatisfied

consumer may pursue all available state and federal legal remedies.

Id. § 703.5(g)(1).

 In addressing the issue of whether the informal dispute

settlement mechanisms were required to include attorney's fees as

a remedy, the FTC issued an advisory opinion in 2005. The FTC

informed that: "Rule 703 does not require that all remedies that

a court might award a plaintiff who prevails in a warranty lawsuit

must be within the power of an [informal dispute settlement

mechanism] decision maker." Fedor, supra, 432 N.J. Super. at 319

(alteration in original) (citing Unpublished Informal Advisory

Opinion of Federal Trade Commission Staff re: Informal Dispute

Settlement Procedure in 16 C.F.R. 703, Letter from FTC Acting

Associate Director (October 25, 2005)). Specifically,

 [t]he FTC emphasized that an informal dispute
 settlement mechanism, "operating as a
 prerequisite to (but not a substitute for)
 legal action[,]" does not need to award
 attorney's fees to be fully compliant with the
 Magnuson-Moss Act and Rule 703, as the
 objective is informal settlement of the

 7 A-4188-15T3
 dispute. "Congress envisioned [the informal
 dispute settlement mechanisms] as a
 warrantor's opportunity to cure a possible
 breach of warranty" and avoid litigation.
 Accordingly, the FTC concluded the Magnuson-
 Moss Act "does [n]ot [c]ontemplate the [a]ward
 of [a]ttorneys' [f]ees or [c]osts" by informal
 dispute settlement mechanisms; such remedies
 are only available to consumers who prevail
 in an action before the court.

 [Id. at 319-20 (alterations in original)
 (citations omitted).]

 New Jersey also established its Lemon Law statute in an effort

to simplify consumer efforts to remedy new automobile defects. A

consumer may present a dispute for resolution to three forums: (1)

a summary dispute resolution procedure established within the

Division of Consumer Affairs (Division), N.J.S.A. 56:12-37; (2) a

Superior Court action, N.J.S.A. 56:12-39; or (3) a manufacturer's

informal dispute resolution procedure, N.J.S.A. 56:12-36. "A

consumer 'shall be awarded reasonable attorney's fees' under the

Lemon Law if he or she is successful in an action brought in the

Superior Court or a summary proceeding before the Division."

Fedor, supra, 432 N.J. Super. at 318 (emphasis added) (quoting

N.J.S.A. 56:12-42).

 The use of the word "shall" in the statute mandates an

attorney fee award, see Aponte-Correa v. Allstate Ins. Co., 162

N.J. 318, 325 (2000); it is not optional. However defendant

argues, and the trial judge agreed, that plaintiff was not a

 8 A-4188-15T3
prevailing party because she obtained the same relief in the Lemon

Law action as she did in the Magnuson-Moss BBB arbitration, and

therefore, she is not entitled to counsel fees. We discern no

support for this argument.

 The parties agree that the repurchase value under the Lemon

Law suit is greater than the BBB's repurchase award. That fact,

however, is not the only determinant to our discussion of whether

plaintiff achieved the status of a prevailing party. Under

defendant's warranty, plaintiff was required to first pursue

relief through the BBB program, which she did. The arbitrator's

decision was not legally binding upon her. Plaintiff chose to

reject the decision and pursue her state remedies under the New

Jersey Lemon Law.

 After full discovery between the parties and just prior to

an arbitration proceeding, the parties entered into a stipulation

of settlement. Defendant agreed to a Lemon Law repurchase of the

vehicle and plaintiff was granted the relief she sought in her

complaint. We have stated that a "plaintiff is considered a

prevailing party when 'actual relief on the merits of [the] claim

materially alters the relationship between the parties by

modifying the defendant's behavior in a way that directly benefits

the plaintiff." Warrington v. Village Supermarket, Inc., 328 N.J.

Super. 410, 420 (App. Div. 2000) (alteration in original)

 9 A-4188-15T3
(citations omitted). "'[T]he magnitude of the relief obtained is

irrelevant'; an award of nominal damages is sufficient to

constitute a party as prevailing." Id. at 421. "When an action

ends in settlement conferring relief sought, a prevailing

plaintiff's claim for attorneys' fees is not relinquished." Id.

at 422 (citations omitted).

 When plaintiff achieved a favorable settlement in the court

action, she was entitled to an award of counsel fees. As we have

previously stated: "A consumer should be able to resolve his claim

with the manufacturer without counsel fees, but where counsel is

needed, the consumer is entitled to an award of reasonable counsel

fees to obtain full relief under the statute." Casal v. Hyundai

Motor America, 436 N.J. Super. 296, 303 (App. Div. 2014).

 Defendant argues that if consumers are able to "exploit a

loophole in the interplay between the Magnusson-Moss Act and the

New Jersey Lemon Law," the informal dispute resolution mechanisms

will cease to exist to the detriment of consumers and contrary to

the intent of Congress and this State Legislature. We have been

provided no evidence of that dire prediction in the decades that

have passed since these laws were enacted.1

1
 Defendant described the informal dispute resolution program in
its brief as "enormously successful."

 10 A-4188-15T3
 To the contrary, we lauded the benefits provided by

alternative dispute resolutions mechanisms in Fedor, supra, where

we noted that:

 there are no filing fees or costs for the
 consumer to initiate use of the mechanism, 16
 C.F.R. § 703.3(a); legal representation is not
 required and the proceedings are tailored to
 self-represented consumers; an independent
 expert inspects the vehicle and all records
 of complaints, at no cost to the consumer;
 decisions are swiftly made, unburdened by the
 formality of court process, id. § 703.5(d);
 and the result is non-binding, thus ensuring
 a dissatisfied consumer retains the ability
 to initiate full judicial review, id. §
 703.5(g)(1), (j).

 [432 N.J. Super. at 320-21.]

 A consumer is free to reject the BBB award and proceed with

a cause of action for breach of warranty under the Lemon Law with

the hope of achieving additional relief, including attorney's

fees.

 We, therefore, remand to the trial court for a determination

of the appropriate counsel fee and litigation costs award.

 Although the amount of fees is not an issue for us to resolve,

we note, and agree with, defendant's argument that plaintiff is

not entitled to an award of counsel fees for counsel's time and

participation pertaining to the BBB arbitration. Attorney's fees

are not a permissible remedy in the dispute resolution process.

As we have stated, plaintiff was entitled to reject the

 11 A-4188-15T3
arbitrator's award and pursue her Lemon Law claims, including

counsel fees, in state court. It would be inappropriate for a

plaintiff, however, to be permitted to assert as part of her claim,

fees that were incurred in the dispute resolution proceeding. To

allow otherwise would be contrary to the plain language of the

Magnuson-Moss statute. Plaintiff and her counsel were fully aware

that the BBB program did not permit an award of counsel fees.

 We leave the appropriate determination of counsel fees to the

trial court to be considered within the guidelines established by

our Supreme Court. See Rendine, supra, 141 N.J. at 335. The

court shall exercise its discretion to set a fair and reasonable

fee for the work required in pursuing plaintiff's remedy under the

New Jersey Lemon Law statute, other than the services related to

the dispute resolution proceeding.

 Reversed and remanded. We do not retain jurisdiction.

 12 A-4188-15T3