**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2965-15T2

JOSEPH CIAGLIA,

    Plaintiff-Respondent,

v.

WEST LONG BRANCH ZONING BOARD
OF ADJUSTMENT,

    Defendant,

and

BOROUGH OF WEST LONG BRANCH,
A CORPORATE BODY POLITIC,

    Defendant-Appellant.

_____

Argued April 4, 2017 — Decided June 20, 2017

Before Judges Koblitz and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Docket No. L-
4484-06.

Gregory S. Baxter argued for appellants
(Caruso & Baxter, P.A., attorneys; Mr. Baxter,
on the brief).

> Peter H. Wegener argued for respondent (Bathgate, Wegener & Wolf, attorneys; Mr. Wegener, on the brief).

PER CURIAM

Defendant Borough of West Long Branch (Borough), appeals from a February 11, 2016 order granting $187,354.55 in counsel fees and disbursements to plaintiff and an additional $4,546.75 in counsel fees to plaintiff's prior attorney. We affirm the award of fees.

In 2011, after plaintiff appealed, we reversed the grant of summary judgment to the Borough that had dismissed plaintiff's complaint "seeking remedies for a regulatory taking" by refusal to grant variances to build on an isolated undersized lot created in 1957. Ciaglia v. West Long Branch Zoning Bd. of Adjustment, No. A-0787-10 (App. Div. October 25, 2011), (slip op. at 2), certif. denied, 209 N.J. 429 (2012).

Following our decision, plaintiff filed two motions for counsel fees, one with the Supreme Court and one later with us. The Supreme Court sent plaintiff a deficiency notice stating, "The motion for counsel fees was due 10 days from the final order. Please submit an as within time motion." That motion was not submitted. We denied the motion for fees, noting: "This appeal was decided on October 25, 2011, and a petition for certification was denied on February 27, 2012. [Ciaglia, supra,] 209 N.J. 429. Rule 2:11-4 requires a motion for [appellate] attorneys' fees to

be 'served and filed within 10 days after the determination of the appeal.'"

According to plaintiff, after our 2011 decision, "[t]he parties then continued with the eminent domain process including a commissioners' hearing, the exchange of expert appraisal reports and, finally, the trial on just compensation."  A November 30, 2012 report of the commissioners determined that plaintiff should be compensated $205,000.  Plaintiff appealed the commissioner's award.

Shortly before trial commenced, plaintiff obtained a new appraisal of the property valuing it at $390,000.  At this point, the Borough proposed a settlement offer of $220,000.  The parties were unable to settle.

In December 2013, a jury awarded plaintiff just compensation of $225,000.  On May 6, 2014, the trial court issued its order titled "ORDER FOR FINAL JUDGMENT" that included the amount of the judgment, costs of $1330 and agreed-upon interest of $66,011.75 for a total of $292,350.75. The order included the following paragraph:

> 4. This Order constitutes a Final Judgment as to all issues, except that the plaintiff may timely file a motion for the portion of taxes paid allocable to the period of time subsequent to the taking and fees and expenses not otherwise included, pursuant to N.J.S.A. 20:3-26.  This Order shall not, however, be interpreted as a determination that such a

motion should or should not be granted, as the parties are in dispute as to that issue.

Plaintiff submitted his initial motion for counsel fees and expenses on July 15, 2014, sixty-nine days after the order for judgment. At the court's suggestion, plaintiff withdrew this motion. On December 1, 2014,[1] plaintiff's new motion in support of counsel fees was filed requesting $418,089.50 in legal fees and disbursements, including approximately $158,000 for the services rendered on appeal that had been previously denied.

The Borough argued that the court lost jurisdiction to hear the fee request because plaintiff's attorney filed his motion over twenty days after the final judgment. It also argued that the award of counsel fees was not mandatory, but discretionary under N.J.S.A. 20:3-26(c),[2] and should be denied here.

---

[1] Defendant's certification was signed November 26, 2014, but was not filed until December 1 due to the Thanksgiving holiday.

[2]   N.J.S.A. 20:3-26(c) reads:

> When a plaintiff shall have brought an action to compel condemnation against a defendant having the power to condemn, the court or representative of the defendant in case of settlement shall, in its discretion, award such plaintiff his reasonable costs, disbursements, and expenses, including reasonable appraisal, attorney and engineering fees actually incurred regardless of whether the action is terminated by judgment or amicable agreement of the parties.

A-2965-15T2

Plaintiff argued the twenty-day timeframe in Rule 4:49-2 was not applicable because the order anticipated that the court would retain jurisdiction to hear the motion. Plaintiff's counsel stated that defense counsel requested the word "timely" during their negotiation on the wording of the order, but without mention of Rule 4:49-2.

At argument on the return date on the second motion for counsel fees, the court granted plaintiff permission, over the Borough's objection, to file supplemental submissions regarding plaintiff's attorney's hourly rates, plaintiff's prior attorney's rates, and information regarding the reasonableness of the fees. The court also allowed the Borough to respond.

Plaintiff supplied certifications from his current attorney, plaintiff's prior attorney, and John H. Buonocore, Jr., a practicing condemnation attorney. Buonocore, who was unconnected with the present litigation, discussed his experience in inverse condemnation claims and gave his opinion that an hourly rate of $500 to $600 per hour for an attorney of plaintiff's attorney's experience was "well within reason."

In its decision, the court highlighted three primary issues: "First, whether N.J.S.A. 20:3-26(c) mandates the award of counsel fees. Second, whether plaintiff's fee application was timely. And third, whether the fees sought by plaintiff[] are reasonable."

With regard to the timeliness issue, the court looked at "language of the form of the order that was executed by the [c]ourt as submitted jointly by the parties on May 7, 2014." According to the court, both parties "intended that plaintiff would file a separate application for fees and expenses." The court determined that timeliness in this case should be determined by the clear intention of the parties, citing Rusak v. Ryan Auto., L.L.C., 418 N.J. Super. 107, 117 n.5 (App. Div. 2011).

The court further determined a plenary hearing was unwarranted. The court noted that our Supreme Court has discouraged the use of an application for counsel fees "as an invitation to become mired in a second round of litigation." Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 24 (2004). The court added that "[a] plenary hearing should be conducted only when the certification of the counsel raises material factual disputes that can be resolved solely by the taking of testimony." Ibid. The court stated: "Defendants also [had] an opportunity to submit information challenging any assertion of the reasonableness of the range of that rate. . . . [b]ut [the court] did not receive that."

The court denied appellate fees because the court lacked jurisdiction. The court found plaintiff's hourly rate reasonable, but denied fees for the paralegal work, noting the lack of specificity in the entries, and for the work associated with

changing attorneys and traveling. It found unreasonable doubling the cost of research where both the principal attorney and his associates conducted similar research. The court went through the fee request line by line indicating which costs should be reduced in conformity with the decision. The court also awarded plaintiff's counsel a five percent lodestar enhancement.

I

"[A] reviewing court will disturb a trial court's award of counsel fees 'only on the rarest occasions, and then only because of a clear abuse of discretion.'" Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 385 (2009) (quoting Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001)).

New Jersey subscribes to the "American Rule" that, except for enumerated exceptions under Rule 4:42-9(a), requires parties to bear their own counsel fees. Innes v. Marzano-Lesnevich, 224 N.J. 584, 592 (2016). One such exception is Rule 4:42-9(a)(8) which allows recovery in cases "permitted by statute." See Warrington v. Vill. Supermarket, Inc., 328 N.J. Super. 410, 417 (App. Div. 2000). According to Rule 4:42-9(d), a grant of counsel fees should be "made on the determination of a matter [and] shall be included in the judgment or order stating the determination."

The Borough argues that the title of the May 2014 order demonstrates it was "final." It argues the fee application should

7

have been treated as a motion to "alter or amend the judgment," subject to Rule 4:49-2, which must be served no later than twenty days after the day the service of the final judgment is filed.

Both parties cite to Warrington, supra, 328 N.J. Super. at 423-24, and Ricci v. Corp. Exp. of the E., Inc., 344 N.J. Super. 39, 47 (App. Div. 2001), certif. denied, 171 N.J. 42 (2002), to support their position on whether the judge's order was final. In Warrington, a discrimination case, the plaintiff was allowed to seek counsel fees six months after judgment because the claim involved a federal statute. We stated that an award derived solely from a state rule or statute "would bar the application" after the time allotted under Rule 4:49 had expired. Id. at 423-24. Similarly, in Ricci, supra, 344 N.J. Super. at 46-48, we found defendant's application for counsel fees was timely as the defendant made its application within twenty-days of the signed judgment. We stated, "[a]lthough the judgment ought not to have been submitted by [the defendant] until it had applied for fees, that technical deviation from Rule 4:42-9(d) does not provide a just basis for denying such fees when the application is made within the time constraints established by Rule 4:49-2." Id. at 48.

"The time prescription of [Rule 4:49-2] applies only to final judgments and orders." Pressler & Verniero, Current N.J. Court

Rules, cmt. 1 on R. 4:49-2 (2017). Significantly, the judgment in Warrington "was silent on the issue of fees." Warrington, supra, 328 N.J. Super. at 416. In Ricci, there is no indication the fees were discussed in the final judgment. See Ricci, 344 N.J. Super. at 46-47.

Here, the court's order stated that it was "a Final Judgment as to all issues, except that the plaintiff may file a timely motion for . . . fees and expenses." (Emphasis added). The order also recognized a decision had not been made on whether "such a motion should or should not be granted." Thus, all issues had not been decided.

In Rusak, supra, 418 N.J. Super. at 117 n.5, we found the trial judge's determination that the plaintiff's motion for reconsideration was untimely was mistaken because "from the colloquy that took place on the day the verdict was received, it was clearly understood that [the] plaintiff would seek relief from the judge's ruling on her punitive damages claim and would also submit a request for counsel fees." Because "the 'Order of Disposition' entered on the day of the verdict was not a final judgment [it] did not trigger the time constraints of Rule 4:49-2."

Here, the same judge who issued the "ORDER FOR FINAL JUDGMENT" also presided over the application for counsel fees. The judge

was, therefore, in a position to understand the intention between the parties at the time of the order. The inclusion of the word "timely" in the order does not in itself create the requirement of a twenty-day time limitation. See Ricci, supra, 344 N.J. Super. at 47 (stating "R. 4:49-2 does not directly govern the issue of an attorney's fee application"). The court did not abuse its discretion in finding that the application was not time-barred.

Nor did the court abuse its discretion in considering the certifications submitted by plaintiff. The court elected to "allow[] some post-argument submissions" and reserved the right "to decide later whether or not . . . to consider them." The court also reasonably determined that a hearing on the motion was unnecessary because the certifications of the attorneys did not raise material factual disputes that required testimony.

## II

The Borough also seeks a determination that an award of counsel fees under N.J.S.A. 20:3-26(c) is discretionary. The Borough argues the language of the statute and the ruling in Griffith v. State, Dept. of Envtl. Prot., 340 N.J. Super. 596, 613 (App. Div.), certif. denied, 170 N.J. 85 (2001), cert. denied, 534 U.S. 1161, 122 S. Ct. 1171, 152 L. Ed. 2d 115 (2002), clearly indicates that such a grant is discretionary. The court acknowledged a "split" in the interpretation of the statute,

between <u>Griffith</u>, <u>supra</u>, 340 <u>N.J. Super.</u> at 613 and <u>Smith v. Jersey Cent. Power & Light Co.</u>, 421 <u>N.J. Super.</u> 374, 384 n.2 (App. Div.), <u>certif. denied</u>, 209 <u>N.J.</u> 96 (2011), and stated "[i]n this particular case, whether — under whatever interpretation of the statute, the [c]ourt, in its discretion, believes that it is appropriate to award fees." Thus, we need not clarify this area of law to decide this case.

III

The Borough argues that the court erred by not using "special scrutiny" because the fee request was disproportionate to the damages recovered. The Borough also argues the court failed to considered plaintiff's "limited success," noting that the jury verdict was only $5000 more than its settlement offer before trial, and under <u>RPC</u> 1.5(a)(4) limited success is a relevant factor in assessing the quantum of fees.

<u>RPC</u> 1.5(a) requires that "[a] lawyer's fee shall be reasonable." A determination of reasonableness under <u>RPC</u> 1.5(a)(1)—(8), lists eight factors to be considered in determining the reasonableness of the fee. However, "[t]he list is not exhaustive and all factors will not be relevant in every case." <u>Twp. of W. Orange v. 769 Assocs., LLC</u>, 198 <u>N.J.</u> 529, 542 (2009). <u>RPC</u> 1.5(a)(4) requires the court to consider "the amount involved and the results obtained." This is "a consideration of the

11        A-2965-15T2

ultimate substantive outcome in a case relative to the claims that were originally advanced" and not "an assessment of the success or failure of each of the moving parts." Twp. of W. Orange, supra, 198 N.J. at 544. Here, counsel fees were not disproportional to the size of the dispute.

Because the trial court has discretion to determine what reasonable counsel fees are, and because the record reflects that the trial court engaged in an exhaustive, well-reasoned, detailed analysis of the fees, we affirm the amount of the counsel fee award, substantially for the reasons stated by the trial judge.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION