**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3290-22

AIDA HERRERA-JEREZ,

    Plaintiff-Appellant,

v.

HYUNDAI MOTOR AMERICA,
a/k/a HYUNDAI USA,

    Defendant-Respondent.

_____

Argued October 10, 2024 – Decided October 22, 2024

Before Judges Mawla, Natali, and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-8139-20.

David C. Ricci argued the cause for appellant (Law Offices of David C. Ricci, LLC, attorneys; David C. Ricci, on the briefs).

Mark W. Skanes (RoseWaldorf PLLC) argued the cause for respondent.

PER CURIAM

After plaintiff Aida Herrera-Jerez settled her Magnusson-Moss Warranty Act[1] (MMWA) claim against defendant Hyundai Motor America, plaintiff moved for an award of attorney's fees and costs pursuant to the fee-shifting provision of the MMWA, as expressly contemplated in the parties' written settlement agreement. Plaintiff requested oral argument if the motion was opposed, which it was.

On May 19, 2023, without hearing oral argument, the court entered an order, supported by a written opinion, reducing plaintiff's fee award from $35,332.50 to $2,449. Plaintiff appeals from that order. Because the court did not hear oral argument and did not make specific findings to explain its drastic reduction of the fee award, we are constrained to vacate the order and remand for reconsideration of plaintiff's motion.

On November 28, 2020, plaintiff filed a complaint against defendant asserting a single cause of action based on the MMWA, relating to her 2017 Hyundai Sante Fe. Plaintiff alleged the vehicle had a long history of engine defects that defendant failed to timely repair in violation of its written warranties. The parties were unable to reach an early settlement and litigated the action for over two years.

---

[1] 15 U.S.C. §§ 2301-2312.

A-3290-22

The litigation progressed in typical fashion. Plaintiff served discovery demands on defendant. Defendant moved to quash subpoenas plaintiff served on dealerships that serviced the vehicle resulting in briefing and oral argument on that motion. Defendant served written discovery on plaintiff, including interrogatories, requests for admissions, and document requests, to which counsel was obligated to prepare responses. Defendant retained an expert who inspected the vehicle and prepared an expert report. Defendant also deposed plaintiff, which required counsel to expend time to prepare plaintiff for and attend the deposition. After discovery was completed, the parties participated in an unsuccessful non-binding arbitration.

On August 31, 2022, defendant offered to settle the action for $7,500 plus "reasonable attorney's fees and costs to be decided by the [c]ourt on motion." On December 22, 2022, the parties executed a written settlement agreement and release. The agreement provides:

> [Defendant] agrees to have the attorney's fees and costs of [plaintiff's] attorneys, Law Office of David C. Ricci, LLC, to have been reasonably incurred by [plaintiff], to be determined by the [c]ourt upon a properly noticed motion. Notwithstanding this provision, [defendant] reserves all rights to challenge the reasonableness of the attorney's fees and costs requested by [plaintiff]. However, [defendant] agrees that it will not challenge the right of . . . [plaintiff] to receive attorney's fees and costs as determined by the [c]ourt.

On March 15, 2023, plaintiff filed a motion for judgment awarding attorney's fees and costs. Plaintiff requested oral argument if the motion was opposed. Plaintiff sought costs and expenses of $552.20, and attorney's fees of $35,884.70. The motion was supported by the certification of plaintiff's counsel in which he certified he accepted the case on a contingent basis and, as set forth in his attached billing records, devoted 67.3 hours to the matter. Counsel also certified the fee application was based on his then-current hourly rate of $525, which he contended was reasonable and consistent with hourly rates approved in other similar litigation.

Defendant opposed the motion arguing the amount of time counsel devoted to the case was unreasonable. It argued counsel's time was "improperly block billed" and counsel took too long to perform certain tasks, such as his preliminary pre-suit investigation, drafting the complaint, responding to its motion to quash, and preparing plaintiff's arbitration statement. Defendant also contended counsel's hourly rate was unreasonable because defense counsel's hourly rate was less than $250 and plaintiff's counsel had only recently raised his hourly rate from $475 to $525. Defendant argued much of the work counsel performed could have been completed by paraprofessionals at a lower rate.

Finally, defendant argued the fee award sought was unreasonable in relation to the result obtained.

The court did not hear oral argument. On May 19, 2023, the court entered an order entering judgment for award of attorney's fees and costs supported by a written opinion. After summarizing the arguments advanced by the parties, the court offered the following "statement of reasons":

> Court finds reasonable rate in Essex County is $395[] per hour.
>
> Drafting [c]omplaint               2.7
>
> Defend [d]eposition of [c]lient     2.3
>
> Attend [a]rbitration [h]earing      1.2
>
> Expenses:   $552.20
>
> Plaintiff's [c]ounsel has [eighteen] years of experience and has been involved in over 1,000 matters so he is not entitled to be reimbursed for research. The court is awarding the reasonable fees based on the result obtained. Plaintiff is awarded $2,449[] in fees and $552.20 in costs.

On appeal, plaintiff argues the court erred by issuing an unexplained and inadequately low fee award and not hearing oral argument. We are persuaded that the court's statement of reasons lacks specific and adequate findings regarding the reasonableness of the services performed and does not explain the

basis for the court's determination of the reasonable hourly rate. We are also convinced the court misapplied its discretion by not hearing oral argument.

"[F]ee determinations by trial courts will be disturbed only on the rarest occasions, and then only because of a clear abuse of discretion." Rendine v. Pantzer, 141 N.J. 292, 317 (1995). Although the "abuse of discretion" standard defies precise definition, it arises when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

"The starting point in awarding attorney's fees is the determination of the 'lodestar,' which equals 'the number of hours reasonably expended multiplied by a reasonable hourly rate.'" Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 21 (2004) (quoting Rendine, 141 N.J. at 335); see R. 4:42-9(b) (stating that application for counsel fees shall be supported by affidavit addressing pertinent factors, including those in RPC 1.5(a), and shall include amount of fees and disbursements sought). RPC 1.5(a) requires that "[a] lawyer's fees shall be

A-3290-22

reasonable" in all cases, not just fee-shifting cases.[2] "Those factors must inform the calculation of the reasonableness of a fee award in this and every case." Furst, 182 N.J. at 22.

"In setting the lodestar, a trial court first must determine the reasonableness of the rates proposed by prevailing counsel in support of the fee application." Ibid.

> Generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant

---

[2]   RPC 1.5(a) sets forth the "factors to be considered in determining the reasonableness of a fee," which include the following:

> (1) time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; [and]
> (8) whether the fee is fixed or contingent.

7

community. Thus, the court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.

[Rendine, 141 N.J. at 335 (citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)).]

Second, "a trial court must determine whether the time expended in pursuit of the 'interests to be vindicated,' the 'underlying statutory objectives,' and recoverable damages is equivalent to the time 'competent counsel reasonably would have expended to achieve a comparable result . . . .'" Furst, 182 N.J. at 22 (quoting Rendine, 141 N.J. at 337). "The court must not include excessive and unnecessary hours spent on the case in calculating the lodestar." Ibid. (citing Rendine, 141 N.J. at 335-36). "It does not follow that the amount of time actually expended is the amount of time reasonably expended" and "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary . . . ." Rendine, 141 N.J. at 335 (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980)). "Whether the hours the prevailing attorney devoted to any part of a case are excessive ultimately requires a consideration of what is reasonable under the circumstances." Furst, 182 N.J. at 22-23.

"Third, a trial court should decrease the lodestar if the prevailing party achieved limited success in relation to the relief . . . sought." Id. at 23 (citing

A-3290-22

<u>Rendine</u>, 141 N.J. at 336). "However, there need not be proportionality between the damages recovered and the attorney-fee award itself." <u>Ibid.</u> (citing <u>Rendine</u>, 141 N.J. at 336); <u>see</u> <u>also</u> <u>Szczepanski v. Newcomb Med. Ctr.</u>, 141 N.J. 346, 366 (1995) (declining to "construe New Jersey's fee-shifting statutes to require proportionality between damages recovered and counsel-fee awards even if the litigation . . . vindicates no rights other than those of the plaintiff").

"Fourth, when the prevailing attorney has entered into a contingent-fee arrangement, a trial court should decide whether that attorney is entitled to a fee enhancement." <u>Furst</u>, 182 N.J. at 23 (citing <u>Rendine</u>, 141 N.J. at 338). "In determining and calculating a fee enhancement, the court should consider the result achieved, the risks involved, and the relative likelihood of success in the undertaking." <u>Ibid.</u> (citing <u>Rendine</u>, 141 N.J. at 340-41).

"The amount of attorney fees usually rests within the discretion of the trial judge, but the reasons for the exercising of that discretion should be clearly stated." <u>Khoudary v. Salem Cnty. Bd. of Soc. Servs.</u>, 281 N.J. Super. 571, 578 (App. Div. 1995) (citations omitted); <u>see</u> <u>also</u> <u>R.</u> 1:7-4(a) (requiring a court to "find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as of right").

In other words, "the court must specifically review counsel's affidavit of services under R[ule] 4:42-9, and make specific findings regarding the reasonableness of the legal services performed . . . ." F.S. v. L.D., 362 N.J. Super. 161, 170 (App. Div. 2003). "Without such findings[,] it is impossible for an appellate court to perform its function of deciding whether the determination below is supported by substantial credible proof on the whole record." Monte v. Monte, 212 N.J. Super. 557, 565 (App. Div. 1986). Where the court "failed to make any findings to explain the award" of counsel fees, we remand for reconsideration of the fee application under the guidelines set forth in Furst and Rendine. Patterson v. Vernon Twp. Council, 386 N.J. Super. 329, 338 (App. Div. 2006).

Here, the court awarded plaintiff fees based on a total of 6.2 hours despite counsel's certification that he devoted 67.3 hours to the matter over the course of more than two years. Without explanation, the court merely listed the amount of time awarded for three discrete events: drafting the complaint, defending plaintiff's deposition, and attending the arbitration hearing. The court did not offer any findings to support its decision to deny plaintiff's application for the time spent on, for example, motion practice, written discovery, preparation, telephone conferences, participation in the pretrial conference, coordination of

the vehicle inspection, settlement negotiations, or preparation of the settlement agreement. Without such findings it is not possible for us to determine whether the court properly exercised its discretion.

The court also reduced counsel's hourly rate from $525 to $395 without providing any explanation of the basis for that decision. Again, absent specific and adequate findings, we cannot determine whether the reduction in hourly rate was an appropriate exercise of the court's discretion.

We also conclude the court misapplied its discretion by not hearing oral argument. Rule 1:6(2)(d) provides: "[N]o motion shall be listed for oral argument unless a party requires oral argument in the moving papers or in timely-filed answering or reply papers, or unless the court directs. A party requesting oral argument may, however, condition the request on the motion being contested." Requests for oral argument on all motions other than those involving pretrial discovery and the calendar "shall be granted as of right." Ibid.

As expressly permitted by the Rule, plaintiff conditioned the request for oral argument on the motion being contested. Once opposition was filed,

plaintiff's request for oral argument should have been granted as of right. It was not.[3]

Accordingly, the May 19, 2023 order is vacated and the matter is remanded for reconsideration of plaintiff's fee application after oral argument. On remand, the court shall make specific findings regarding the reasonableness of the legal services performed and the basis for its determination of the hours reasonably expended. The court must also explain the basis for its determination of the reasonable hourly rate. Finally, the court must set forth any other factors it considered in determining the amount awarded and state its reasons for doing so.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] In extremely limited circumstances, "a request for oral argument respecting a substantive motion may be denied," Great Atl. and Pac. Tea Co. v. Checchio, 335 N.J. Super. 495, 497-98 (App. Div. 2000), but "the reason for the denial of the request, in that circumstance, should itself be set forth on the record." Raspantini v. Arocho, 364 N.J. Super. 528, 532 (App. Div. 2003). In this case, the court did not set forth the reason for the denial of plaintiff's request for oral argument. In any event, we do not perceive any basis to invoke the exception in this case.

A-3290-22